A. M. SLOAN & CO. v. R. J. McDOWELL.

The provision in the Code of Civil Procedure, allowing as a cause of demurrer, that there is another action pending between the same parties, for the same cause, must be confined to the courts of this State, where the remedies are precisely the same—the object being to protect parties from vexation, and the courts from multiplicity of suits. But in different States or Governments, the remedies are not the same; and there may be reason why our courts should not take notice of proceedings outside of the State, which would not be applicable to our own courts.

The entries of a merchant's clerk are not evidence against third persons. They are not under oath, and not subject to cross-examination.

CIVIL ACTION, tried before SCHENCK, J., at Spring Term, 1876, of MECKLENBURG Superior Court.

The case was before this Court at June Term, 1874, and is reported in 71 N. C. Rep. 356. The case was heard at this term upon the following

### CASE AGREED:

It was in evidence that John H. Sloan, one of the original plaintiffs, died since the commencement of this action and the case was prosecuted in the name of A. M. Sloan, surviving partner. Upon the trial of the cause, before going into the facts before the jury, the plaintiff offered in evidence a record of the Circuit Court of the United States for the Southern District of Georgia, showing the pendency of a suit which had been instituted in that Court prior to the commencement of this action, which suit was still pending, in which R. J. McDowell, the defendant herein, was plaintiff, and A. M. Sloan, the plaintiff herein, was the defendant, based upon the same cause of action set up in the counter-claim in this suit, said record being properly authenticated under the Act of Congress, upon which evidence the counsel for the plaintiff moved the Court to exclude said counter-claim. The motion was overruled and the plaintiff excepted.

The deposition of A. M. Sloan, the plaintiff, was then read in evidence, in which he testified that the items in the account sued on, with the exception of the oats, cotton seed and guano, therein set forth, were contracted by a young daughter of R. J. McDowell, with different merchants in the city of Savannah, Ga., where the plaintiffs lived and did business as commission merchants, and were charged to A. M. Sloan & Co. That said items were approved by Miss McDowell, and upon such approval were paid by A. M. Sloan & Co. That Mr. McDowell requested defendant to pay any bills his daughter might contract for articles required by her. That she was in the city receiving music lessons. That all these bills were paid by A. M. Sloan &

Co. That as to the guano, oats and cotton seed, they were purchased from A. M. Sloan & Co., by a verbal order, in the way customers of A. M. Sloan & Co., usually ordered.

The deposition of A. N. Soller was then offered in evidence in which he testified : That he was the book-keeper and cashier of A. M. Sloan & Co. at the time the items set forth in the account, sued on, were contracted. The account between McDowell and A. M. Sloan & Co. is correct. He knew it because he was their book-keeper, and paid out the amount, as stated in the account, for A. M. Sloan & Co. The accounts were paid by him, when presented, upon the approval of Miss McDowell. As to the guano, oats, and cotton seed, they were charged to R. J. McDowell, by the witness, on the books of A. M. Sloan & Co. at the time said goods were ordered, as likewise the other items in the account, and there was no individual account kept between A. M. Sloan and R. J. McDowell.

As to the counter-claim, A. M. Sloan testied : That he and McDowell, who were brothers-in-law, had been engaged in Georgia in a banking business, buying and dealing in notes. McDowell furnished the capital, and he managed the business; that the note in the counter-claim was given in 1864, as a memorandum of the amount he had at that time, belonging to McDowell. Subsequent to the giving of said memorandum note, under instructions from McDowell, to that effect, he had invested the amount thereof in cotton for McDowell, which had been lost by the result of the war.

McDowell, the defendant, testified : That all the items in the account were contracted with A. M. Sloan, individually, with the understanding that the amount thereof was to be credited on the note set up in the counter-claim. Said note was given in settlement of the banking partnership business, as the amount due him on such settlement, and for the payment of the money therein mentioned. He gave no instructions to invest said money in cotton. Various pay-

ments have been made thereon, which have been credited on the note; that the guano, oats and cotton seed were credited on said note, and that Sloan assented thereto.

The counsel for the plaintiff contended, and asked the Court to charge the jury that the testimony of Sollers in regard to the entries made by him in the books of A. M. Sloan & Co., charging the items in the account to R. J. McDowell, was original evidence to go to the jury as part of the transaction and should be considered by them in that light.

Upon this point his Honor charged that the entries on A. M. Sloan and Co.'s books by the witness did not bind McDowell unless he assented thereto or authorized it. That it at last depended on the contract between McDowell and Sloan, as to who really sold McDowell the articles in dispute. That Soller's testimony may be considered by the jury as a contemporaneous entry, made by Sollers under A. M. Sloan's order, as confirming Sloan's version of the transaction. To this charge the plaintiff excepted.

There was a verdict and judgment in favor of the defendant, for the amount of the counter claim; thereupon the plaintiff appealed.

*Wilson & Son*, for appellant.
*Vance & Burwell* and *Guion & Flemming*; contra.

READE, J. The rights and liabilities of the parties, as they were then before us, were declared in 71 N. C. Rep., 356. We then held that under C. C. P. sec. 248, the defendant was entitled to set up his claim against *one* of the plaintiffs as a counter-claim.

We now have the case before us upon two points.

I. First, is a suit pending in the Circuit Court of the U. S. for the State of Georgia by the defendant McDowell

against one of the plaintiffs, Sloan, for this same counter-claim a bar to its being set up in this action?

The impolicy and injustice of pursuing a man in several suits at the same time for the same cause of action, seem scarcely to lie at the defendant's door in this case. He sued one of the plaintiffs, Sloan, in the United States Court in Georgia, and Sloan, instead of offering it as a defence in that suit, unites with the other plaintiff to prosecute a claim against the defendant in this Court. And the defendant simply says, well as you have chosen this forum I will contend with you here. So that it is the plaintiff Sloan, and not the defendant who is multiplying suits. To this, however, the plaintiffs reply, that they could not have used their claim as a set-off or counter-claim to the defendant's claim in the United States Courts. How that is, we do not know. It is not so alleged in the pleadings.

The provision in C. C. P., sec. 95, allowing as cause for demurrer that there is another action pending between the same parties for the same cause must be confined to the Courts of the State, where the remedies are precisely the same; the object being to protect parties from vexation and the Courts from multiplicity of suits. But in different States or governments the remedies are not the same, and there may be reasons why our courts should not take notice of proceedings outside of the State which would not be applicable to our own Courts.

The general bearing upon the subject may be seen in 1 Robinson's Practice, p. 323–6. It has been held in New York that a suit pending in Massachusetts for the same cause could not be pleaded in New York. *Browne* v. *Joy,* 9 Johns. 221. And so it was held of a suit pending in the Court of the U. S. for the district of Virginia. *Walsh* v. *Durhin,* 12 Johns. 99. The same is also the English doctrine in regard to suits in foreign countries and in her provinces.

II. The entries of a merchant's clerk are not evidence

3

against third persons. It would be very dangerous if they were. They are not under oath and not subject to cross-examination. The clerk himself must be produced. If his memory be at fault it may be that he can refresh it by his entries—that is all.

There is no error.

PER CURIAM.                          Judgment affirmed.