### HILL v. HILL.

1. DISCRETION—CONTINUANCE—PRACTICE.—It is not an abuse of discretion for a Judge to refuse to continue a cause because there is another action pending on the same cause of action in a foreign jurisdiction.

2. ABATEMENT—PRACTICE—CODE, 163.—The pendency of another action in a foreign jurisdiction is not of itself a ground of abatement. Code, 163, does not apply to a case like this.

3. ADMINISTRATOR—REMEDY.—Until final discharge, an administrator may maintain a suit on a note for benefit of heirs even after accounting, at which it was agreed that notes should be turned over to heirs.

4. EVIDENCE—NEW PROMISE—LIMITATION OF ACTIONS—JURY.—The letters in question were competent evidence under the facts, and were properly construed by the Court to be a sufficient promise to pay a debt to take the case out of the bar of the statute, the question of what debts being properly left to the jury.

5. PLEADING—CAUSE OF ACTION.—After party is required by Court to elect under what cause of action he will proceed, the allegations of the complaint under the facts here were properly allowed to remain unchanged.

6. APPEAL.—Evidence of payment on a note made more than six years before suit, is harmless to defendant.

Before BENET, J., Spartanburg, July, 1895. Affirmed.

Action by W. A. and B. F. Hill, as administrators of J. L. Hill, *v.* W. C. Hill, on promissory note. Judgment for plaintiffs. Defendant appeals.

*Messrs. Duncan & Sanders* and *R. D. Gilmer*, for appellants, cite: *Two causes of action, the note and the new promise, are inconsistent:* 33 S. C., 509; 35 S. C., 613. *Additional grounds for sustaining a ruling will not be considered in a law case:* 23 S. C., 105; 33 S. C., 509. *Note barred according to allegations of complaint:* 42 S. C., 114. *Error for Court to decide if the letters were sufficient to make up a new promise:* 35 S. C., 31; 40 S. C., 322.

*Messrs. Ralph K. Carson* and *Bomar & Simpson*, contra, cite: *Error to require plaintiffs to elect as to the cause of action:* 25 S. E. R., 59; 23 S. C., 105; 33 S. C., 510. *New promise true cause of action:* 10 Rich., 365. *Attack on final settlement not collateral:* 24 S. C., 398. *New promise may be made to another for creditor:* Code, 131; 18 S. E. R., 504.

Nov. 22, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action, commenced June 21st, 1894, was to recover a debt originally evidenced by a promissory note executed by the defendant to the plaintiffs' intestate, J. L. Hill, April 27th, 1885, for $3,915.86, payable one day after its date. The complaint declared on the note, credited February 18, 1888, with two credits, aggregating $587.94, as a first cause of action; and as a second cause of action, alleged (1) the execution of the note; (2) the payments aggregating $587.94, February 18, 1888, and the promise by defendant to pay plaintiffs' intestate the said indebtedness; (3) written acknowledgment and promise to pay said debt made in 1891 by defendant to plaintiffs; (4) the death of J. L. Hill, the payee named in the note, and the appointment and qualification of plaintiffs as his administrators; (5) that defendant was absent from the State

when the cause of action accrued, and did not return to the State until in June, 1894; (6) that no part of said note had been paid, except the sums aforesaid; (7) that plaintiffs are owners of the note.    The answers admitted the execution of the note, denying all other allegations, and set up three defenses: (1) that plaintiffs, as administrators, were not the owners of the note, and not entitled to sue; (2) that the right to sue in this State is barred by the pendency of another suit in the State of North Carolina on this same note by the administrator of J. L. Hill, appointed in North Carolina; (3) the statute of limitations.

From the judgment entered on the verdict in favor of plaintiffs, the defendant appeals on numerous grounds. These we will not attempt to consider in detail, but will under general heads substantially cover the material questions presented.

1. The motion for continuance.  There was no error in the refusal of the motion for continuance.  Such motions, as we have often held, are addressed to the discretion of the trial Judge, and his decision thereon will not be interfered with by this Court, unless in a clear case of abuse of discretion.  The ground of the motion in this case was the pendency of another action between the same parties for the same cause of action in North Carolina.  The motion was made after the defendant had announced himself ready for trial, and after the jury had been empanelled.  While it was within the discretion of the Circuit Judge to continue a case on the ground named—1 Ency. Pl. and Pr., 770—he did not abuse that discretion in refusing to continue.

2. In this connection, we will consider the grounds of appeal based upon the ruling and charge of the Judge in excluding from the consideration of the jury the record in the action alleged as pending in the Courts of North Carolina.  It seems that an appeal was pending from a judgment of nonsuit against Wells, the North Carolina administrator of J. L. Hill, deceased.  It is a gen-

eral rule that the pendency of a former suit between the same parties for the same cause and relief, is a ground for abatement of a subsequent suit, but it is a well established doctrine that the pendency of another suit in a foreign jurisdiction cannot be pleaded in the domestic forum, and that in the application of this rule the States of the Union are foreign to one another. 1 Ency. Pl. and Pr., 764; 1 Century Digest, 90; *Smith* v. *Lathrop*, 44 Pa. St., 326, 84 Am. Dec., 448, and note at page 456; *West etc.* v. *McConnell*, 5 La., 428, 25 Am. Dec., 191, and note at page 195; *Douglass* v. *Phœnix Ins. Co.*, 138 N. Y., 209, 34 Am. St. Rep., 448. As early as 1825, in the case of *Chatzel* v. *Bolton*, 3 McCord, *33, the Supreme Court of this State said: "There can be no doubt that the pendency of a suit in another State is no reason of itself for the delay of a cause in this." It follows that there was no error in excluding evidence of such action from the jury, and in refusing to charge in reference to the effect of the pendency of such suit. The matter was wholly irrelevant. Section 165, subdivision 3, of the Code of Civil Procedure, which provides as a ground of demurrer, "that there is another action pending between the same parties for the same cause," does not relate to actions pending in a foreign State, but to actions pending within this State. This is the general construction put upon this section elsewhere, and it is so held in North Carolina, where the alleged action is pending. *Sloan* v. *McDowell*, 75 N. C., 29. The foregoing will dispose of all exceptions relating to the second defense.

3. The motion for nonsuit. This motion was made on the ground that the record in the office of the probate judge, introduced in evidence, showed a final settlement of the estate of J. L. Hill deceased, and that the note in suit is not the property of the administrators, but belongs to the heirs at law. It did appear in evidence that there was what purported to be a final settlement of the estate of J. L. Hill between the administrators and the heirs at law, under a decree of the probate court, dated April 13,

1893, wherein it was ordered, by consent of all parties represented before the court, that the uncollected notes and accounts (including the note in suit) should be turned over to the heirs, "as joint owners according to their respective interests under the statute of distribution, and they also consent that the administrators be discharged from responsibility therefor." But it also appeared that subsequent to this, on May 14, 1894, on the application of one of the heirs, Mrs. Hunter, the probate court made an order reciting that "the petitioner had no notice of the time appointed for the settlement, and was not present at the same, and was not represented either in person or by attorney, and she has not since consented to said settlement;" and the court decreed that the administrators "appear within twelve days from the date of this decree, or at some time in the near future to be fixed by the court, and make a full showing of their actings and doings as administrators of J. L. Hill, deceased; so if there was any mistake or fraud in the return and settlement heretofore made, the same may be corrected, so far as Mrs. Hunter is concerned, at least; and that in the meantime the decree heretofore rendered and proceedings subsequent thereto, stand unreversed. It is further ordered, that the leave granted Mrs. Hunter to be permitted to meet the administrators before this court, and correct any errors in the former settlement, if any there be (as to which nothing is decided now), is not extended to any of the other parties. As to all such parties the former decree is final and conclusive." So far as appears, nothing further was done in this matter. It is clear, then, that the proceedings in the probate court do not show that the plaintiffs, as administrators, have lost all interest in or right to collect said note. But, besides this, there is no doubt that at one time the plaintiffs, as administrators, were the legal owners of this note; and even conceding that there had been a settlement by which the note was to be turned over to the heirs or distributees, the administrators could still maintain this action for the benefit of those interested. Sec. 134 of the Code provides:

"An executor or administrator * * * may sue without join-ing with him the person for whose benefit the action is pro-secuted." See *Carroll* v. *Still*, 13 S. C., 432. The motion for nonsuit, therefore, was properly overruled. In view of the above, we must also overrule all exceptions relating to the right of the plaintiffs to maintain this action; and this disposes of all grounds relating to defendant's first defense.

4. Exceptions relating to defendant's third defense, the statute of limitations. The main questions presented under this head relate to the introduction in evidence and effect of certain letters offered in evidence by plaintiff. The first letter is as follows: Crab Tree, N. C., April 16, 1891. B. F. Hill—Sir: I wrote you a note some time ago, and requested you to let me hear from you about the note that you have placed in the hands of a lawyer for col-lection. I think that I can make the matter all right with-out you bringing suit for your money. I have a good pros-pect of selling some mineral land this spring, and if I do I will have the means to settle off my note without any trou-ble. I am corresponding with two large syndicates about the tract. Write me at once. I have been sick for ten weeks, but will be down as soon as I get straight. Yours truly, W. C. Hill. The second is as follows: Crab Tree, May 6th, 1891. B. F. Hill—Dear Sir: Yours of 22d April at hand, and will say in reply, if you and Wm. Hill satisfy the balance of the heirs and trade for their interest in the note due the estate, it will oblige me very much and save me cost and trouble. I have at all times been willing to secure the debt with mortgage or otherwise, so as not to expose my property to public sale. I will have to sell some real estate to get the money anyway, and think it will bring more to sell it private. I can pay you now $3,000, or more, in good paper, with interest, the notes not due yet, but have lands for security; if you will get up the rest of the claim I will pay you and Wm. eight per cent. on the same. (Then follows statements as to his negotiating with certain parties for the sale of land.) You will please write to Mr. Carson

and advise him on the matter. Yours truly, W. C. Hill. P. S. Write soon. The third letter is as follows: Crab Tree, N. C., July 27th, 1891. Mr. W. A. and B. F. Hill: I understand that Mr. Carson would be up soon; I presume, to bring action against me concerning my indebtedness; if it will suit you I will give you notes for the whole amount I owe the estate at any time you and Ben. may come up. I do not want to put my property up at forced sale, for it would not bring half its value for cash. I learned that you praised my note doubtful, but I assure you that I can pay dollar for dollar. I can give you good notes with real estate securities. The real estate stands good for the debt until paid, with interest from date. I will turn the notes over to you, and you can put them to my credit when collected. I am confident that it was through my help that your father was successful. See Ben. and write me right away. It will be a great deal more satisfactory to me in that way than to send Mr. Carson to see me. I can, any day you and Ben. may come, give you these notes as I write. Answer at once. W. C. Hill. The fourth letter is as follows: Crab Tree, N. C., August 3d, 1891. Mr. W. A. Hill, Enoree, S. C.: Yours of 29th to hand. In reply will say that I will not give you any mortgage. I will secure you as I wrote you. I have notes that will pay every dollar that I owe, with land securities. If that will not satisfy, you can send Mr. Carson or any lawyer you may wish. I presume you did not give very much for my note as you appraised my note doubtful. But do not understand me to say that I do not mean to pay, for I expect to pay every dollar of it. If you will only give me time I will at any time you or Ben. may come, will turn the notes over to you for the full amount of my note, to be credited on my note. I do not think it will do any good for you to send a lawyer to me, as I will not do any more than I have proposed to do. I have disposed of my property that I offered Ben. and have got only notes to secure you with now. Show this letter, and also the other I wrote you, to Ben. and see what he may

say, and write me at once.  Yours, W. C. Hill.  These let-
ters were properly admitted in evidence, on the proof made
that W. C. Hill acknowledged that he had caused them to
be written for himself.  The fact that two of them were
addressed to B. F. Hill, one to W. A. Hill, and one to W.
A. and B. F. Hill, without designating them as adminis-
trators of J. L. Hill, was not good ground for excluding
them from evidence.  Under the facts in evidence, W. A.
Hill and B. F. Hill were not strangers without interest in
the note referred to, whether as administrators or heirs of
J. L. Hill.  It is further contended that the letters were not
unconditional promises to pay.  Section 131 of the Code
provides that "No acknowledgment or promise shall be
sufficient evidence of a new or continuing contract whereby
to take the case out of the operation of this title, unless the
same be contained in some writing signed by the party to
be charged thereby, but payment of any part of principal
or interest is equivalent to a promise in writing."  In *Estes*
v. *Woods*, 21 S. C., 600, it is decided that this provision has
reference only to the evidence necessary to establish an
acknowledgment or new promise, but does not change the
pre-existing law as to what acknowledgment will continue
a debt barred, or what new promises will create a new con-
tract.  The pre-existing law was expressed in *Young* v.
*Monpoey*, 2 Bailey, 278, and in *Park* v. *Brooks*, 38 S. C.,
306, to be, that while a mere acknowledgment of a subsist-
ing indebtedness was sufficient to imply a promise to pay
the same, if such acknowledgment was made before the
statutory period had run out; but, after such period had ex-
pired, there must be either an express promise to pay, or
such unqualified and unequivocal admission that the debt
is still due, unaccompanied by any expression indicative of
an intention not to pay, as would imply a promise to pay.
Sec. 131, *supra*, requires the evidence of this admission or
promise to be in writing.  These letters fill the above re-
quirement, in being, at least, "an unqualified and unequiv-
ocal admission that a debt is still due, unaccompanied by

any expression indicative of an intention not to pay, as would imply a promise to pay." It will be noted, also, that the first letter, dated April 16th, 1891, was written before the expiration of six years from the maturity of the note, in which case a mere acknowledgment of the debt in writing is sufficient. It was not only the right but the duty of the Circuit Judge to construe these letters as documentary evidence, and he committed no error in charging the jury that in these writings W. C. Hill did make a written acknowledgment of a debt sufficient to take the debt out of the bar of the statute. It was left to the jury to determine the identity of the debt or note referred to in the letters with the note in suit, and in this there was no error. "Whether an instrument purporting to be an acknowledgment of a debt is sufficient to take it out of the bar of the statute of limitations, is a question for the Court, but whether the debt sued for is the one acknowledged, is a question for the jury." 1 Thompson on Trials, sec. 1268.

5. The Circuit Court, on motion of defendant, required plaintiff to elect upon which cause of action he would go to trial, and upon plaintiffs' electing to proceed on the second cause of action as alleged in the complaint, further ordered that the allegations of the complaint be allowed to remain unchanged, but that no proof be adduced excepting such as would purport to establish the second cause of action. Appellants complain that there was error in allowing the allegations of the complaint to remain unchanged after plaintiffs had elected under the order of the Court. We see no error in this. If any error was committed, it was in requiring plaintiffs to elect at all. Both alleged causes of action were for the same *debt*—in one cause, evidenced by the note simply; in the other, by the note, the promise to pay implied from the payments, and the written acknowledgments by the letters. But be this as it may, the allowing of the allegations in the first cause to remain, amounted to nothing more than to allow the allegations of the second cause of action to be amended by the

insertion therein of the copy of the note declared on, the execution of which was admitted in the answer, because every allegation, except the copy of the note contained in the first cause of action, is contained in the second cause of action. To repeat, the second cause of action was upon the note and the acknowledgments or new promises, and not simply upon new promises.

Under the second cause of action, evidence of the indorsement of credits on the note was perfectly competent; but, in view of the fact that the credits were indorsed more than six years before the action was commenced, we do not see how the proof of such credits, if incompetent, could harm the defendant, since they would simply go to reduce the claim sought to be established against him. It follows, also, that exceptions to the charge of the Judge, touching the effect of such credit in operating to prevent the bar of the statute until six years thereafter, cannot be sustained.

Without going into fuller consideration of the many grounds of appeal, we deem it sufficient to say that, upon a careful consideration of the grounds presented, we find nothing in the record which would justify a reversal of the judgment below.

The judgment of the Circuit Court is affirmed.