Argued October 15, reversed and remanded November 26, 1918.

## BENEKE v. TUCKER.

### (176 Pac. 183.)

**Pleading—Equitable Suits—Demurrer.**

1. Section 68, L. O. L., enumerating grounds of demurrer to a complaint, and Section 71, providing that such objections may be taken by answer, when not appearing on the face of the complaint, are applicable to suits in equity, in view of the express provisions of Section 395.

**Abatement and Revival—Demurrer—Other Actions Pending—Pleading.**

2. Sections 68, 71, L. O. L., relating to grounds of demurrer to a complaint, do not change the nature of the plea of "another action pending"; the plea still being in abatement of the action against which it is interposed.

**Abatement and Revival—Grounds—Other Actions Pending—Suits in Same State.**

3. The rule that a subsequent action will be abated by the pendency of a prior action between the same parties on the same cause of action is generally confined to those cases where both actions are pending in courts of the same state.

[As to abatement of one action by the pendency of another in the same state, see note in 84 Am. Dec. 452.]

**Abatement and Revival—Continuance—Other Actions Pending—Suits in Foreign State.**

4. While the pendency of a prior action in another state does not entitle a party as a matter of right to an abatement of the second action, the court may in its discretion postpone the second action until after decision of the first.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is a suit to recover on a note for $1,750 and to foreclose a mortgage given as security for the debt. John Beneke and George F. Hauser, the plaintiffs, owned two lots in Portland, Oregon, and G. G. Tucker, the defendant, owned a ten-acre orange grove in Los Angeles County, California. The two lots in Portland were free from liens and charges except a street assessment amounting to about $350. The California tract

was encumbered with two mortgages, one for $4,000 and the other for $3,600.

On March 13, 1913, Beneke and Hauser entered into a written contract with Tucker for the exchange of their respective properties. The contract fixed the gross price of the California tract at $13,000; and therefore the "equity" owned by Tucker amounted to $5,400. The writing states that $7,500 is the gross price of the Portland lots, but that the net price, after deducting the $350 street assessment, amounts to $7,150. The contract required Tucker to deed the California property to Beneke and Hauser, and they, Beneke and Hauser, agreed to assume and pay the two mortgages encumbering the property. Beneke and Hauser agreed to deed the Portland lots to Tucker and the latter stipulated that he would assume and pay the street assessment. The contract also contained a provision obligating Tucker to give his note to Beneke and Hauser for $1,750, the difference between $7,150, the net price of the Oregon lots, and $5,400, the "equity" remaining in the California tract, and to secure the note with a mortgage on one of the lots. The written contract was carried out and Tucker took possession of the Portland property and Beneke and Hauser entered into the possession of the California tract. The note is dated March 27, 1913, and is payable two years after date to the order of Beneke and Hauser with interest. The interest was regularly paid until the note matured on March 27, 1915, but no further payments were made after that date on the interest and no part of the principal was ever paid, and on September 11, 1916, the plaintiffs commenced this suit.

The complaint is in the usual form and prays for a judgment for the amount due on the note together with $250, alleged to be a reasonable attorney's fee, and

costs and disbursements and for a decree foreclosing the mortgage.

The answer, which was filed on October 18, 1916, admits the execution of the note and mortgage, denies that plaintiffs are entitled to the sum of $250 or any other sum as a reasonable attorney's fee and contains three further and separate defenses. The first defense is at the most only an epitome of the second separate defense and for that reason may be laid out of the case. The second defense in substance charges that the plaintiffs fraudulently represented to the defendant, who lived in California and had no knowledge of the Oregon property, that the Portland lots were worth $7,500, when in truth their value did not exceed $2,900, and that each lot had a frontage of 100 feet when in truth the frontage of each lot did not exceed 50 feet; and the defendant therefore alleges that the note and mortgage were entirely without consideration.

For a third defense "and as a plea in bar to this action, defendant alleges:

That there is now pending on appeal in the Supreme Court of the State of California, an action for damages against the above-named plaintiffs, in the sum of $4,600.00, on the facts heretofore alleged."

The answer concludes with a prayer that 'this suit be stayed until the determination of the action pending in the Supreme Court of California, or if a stay is denied that the mortgage be adjudged fraudulent and void and that it be canceled.

The plaintiffs demurred "to the answer and cross-complaint of the defendant on file herein for the reason that it appears upon the face of said answer and cross-complaint that there is another action pending between the same parties for the same cause and upon the same facts as set forth in defendant's answer and cross-complaint."

The trial court sustained the demurrer. The defendant refused to plead further and subsequently on March 20, 1917, the court entered a decree which, after reciting the refusal of the defendant to plead further after the demurrer had been sustained, awards a judgment against the defendant for $1,750 with interest together with costs and disbursements and provides for the foreclosure of the mortgage. The defendant appealed.                    REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. George S. Shepherd, Mr. H. A. Barclay,* and *Willametta McElroy,* with an oral argument by *Mr. Shepherd.*

For respondents, there was a brief over the names of *Mr. George R. Alexander* and *Messrs. Benson & Benson,* with an oral argument by *Mr. Alexander.*

HARRIS, J.—1, 2. The demurrer was directed against the answer as a whole and the ruling of the court was evidently predicated upon the theory that the action pending on appeal in the Supreme Court of California barred the second defense relied upon by the defendant. The Code specifically provides that "another action pending" is a ground for demurrer when a complaint discloses that another action is pending between the same parties for the same cause; and when not appearing upon the face of the complaint the objection may be taken by answer: Sections 68 and 71, L. O. L. These two sections of the Code are also applicable to suits in equity: Section 395, L. O. L.; *Crane* v. *Larsen,* 15 Or. 345 (15 Pac. 326). These statutory provisions do not, however, change the nature of the plea of "another action pending"; for, now as before, the

plea is in abatement of the action against which it is interposed: Hopgood v. Patterson, 2 Or. 50; 1 C. J. 48.

We shall assume for the purposes of the instant case that on the facts presented by the record before us the plea of "another action pending" will operate to produce whatever result would follow from the fact that an action *in personam* is pending in another state. In other words, we do not attempt to decide whether the plea of another action pending is affected by the circumstance that such other action is pending on appeal, (1 C. J. 98; *Hutchings* v. *Royal Bakery,* 66 Or. 301, 303 (131 Pac. 514, 132 Pac. 960, 134 Pac. 1033); or by the fact that the defendant in one action is a plaintiff in the other proceeding (1 C. J. 79, 82; *Crane* v. *Larsen,* 15 Or. 345, 349 (15 Pac. 326); or by the fact that the first proceeding is an action for a money judgment against the defendant while the second proceeding is a suit to foreclose a mortgage (1 C. J. 51, 82); nor do we decide whether the allegations found in the answer do or do not sufficiently plead "another action pending" (31 Cyc. 180; *Crane* v. *Larsen,* 15 Or. 345, 350 (15 Pac. 326); but we shall merely assume that it sufficiently appears from the answer that there is another action pending in the State of California between the same parties and for the same cause and that the litigants here are entitled to the uttermost benefits, whatever they may be, that flow from the fact that an action *in personam* is pending in another state.

3. The rule that a subsequent action will be abated by the pendency of a prior action between the same parties for the same cause is generally confined to those cases where both actions are pending in courts of the same state. In the application of the doctrine of "another action pending" each state is regarded as foreign to every other state, and hence the pendency of

an action *in personam* in one state cannot, as a rule, be made to abate an action subsequently commenced in another state between the same parties for the same cause, even though complete jurisdiction has been acquired by the court where the first action is pending (*McNamara* v. *McAllister,* 150 Iowa, 243 (130 N. W. 26, Ann. Cas. 1912D, 463, 34 L. R. A. (N. S.) 436); *Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209 (33 N. E. 938, 34 Am. St. Rep. 448, 20 L. R. A. 118); *Sloan* v. *McDowell,* 75 N. C. 29; *Hill* v. *Hill,* 51 S. C. 134 (28 S. E. 309); 1 C. J. 84); and this rule is not affected by Codes which contain provisions like Sections 68 and 71, L. O. L., but such Code provisions are construed to apply only to suits and actions pending in the same state: *Hill* v. *Hill,* 51 S. C. 134 (28 S. E. 309); *Sloan* v. *McDowell,* 75 N. C. 29; *Schmidt* v. *Posner,* 130 Iowa, 347 (106 N. W. 760).

4. While the pendency of a prior action in another state does not entitle a party as a matter of right to an abatement of the second action, the court may in its discretion postpone the second action until after a decision of the first action: *Schmidt* v. *Posner,* 130 Iowa, 347 (106 N. W. 760); *Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209 (33 N. E. 938, 34 Am. St. Rep. 448, 20 L. R. A. 118); *Hill* v. *Hill,* 51 S. C. 134 (28 S. E. 309); 1 C. J. 85; 1 R. C. L. 16. Regardless of whether or not an abatement completely terminates a proceeding or merely suspends it (1 C. J. 26, 27), the situation presented by the instant case is one where the defendant on the one hand could not insist as a matter of right that the demand of the plaintiffs for a money judgment and a decree of foreclosure be abated, and the plaintiffs on the other hand could not say that they were entitled as a matter of right to an abatement of the prayer of the defendant for a cancellation of the note

and mortgage on account of a total want of consideration; but a continuance of the suit was the most that either the plaintiffs or the defendant could ask for; and the most that the court could do was merely to exercise its discretion and allow or refuse a continuance.

The second further and separate defense pleaded by the defendant is not, as claimed by the plaintiffs, predicated upon a rescission of the contract; but this defense proceeds upon the theory that the defendant has affirmed the exchange and is seeking reimbursement by bringing about a cancellation of the note and mortgage on account of an alleged complete want of consideration, the defendant claiming that instead of the orange grove being worth $1,750 less than the Oregon property the California tract was in truth worth $2,500 more than the Portland lots.

The judgment and decree appealed from are reversed and the cause is remanded for such further proceedings as may not be inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and BENSON, JJ., concur.