Rockingham,
No. 5245.

PACIFIC & ATLANTIC SHIPPERS, INC.

*v.*

ALLAN A. SCHIER.

Submitted October 6, 1964.
Decided November 30, 1964.

*Perkins, Holland & Donovan* for the plaintiff.

*Shute & Engel* for the defendant.

PER CURIAM.   The record indicates that the plaintiff brought suit in Massachusetts against the defendant Schier and two other defendants, by a writ dated July 20, 1962, returnable to the District Court of Southern Essex on August 6, 1962, upon the same cause of action alleged in the action now before us.   The action was thereafter removed to the Massachusetts Superior Court, where the plaintiff claimed a jury trial.   On December 27, 1962, the action was remanded to the District Court, where on April 1, 1963 the plaintiff filed a dismissal as to the defendant Schier, without prejudice, reserving its rights against the remaining defendants.

In the action brought in this jurisdiction the following order was entered by the Superior Court under date of January 22, 1964: "The court finds that the action in this court against the defendant Allan A. Schier was commenced on Nov. 8, 1962. At that time there was an action pending between the same parties for the same cause in the District Court of Southern Essex and that action was not dismissed until April 1, 1963. In accordance with finding and opinion in *Gamsby* v. *Ray*, 52 N. H. 513 the present action in this court is abated and dismissed."

The plaintiff correctly argues that the rule of *Gamsby* v. *Ray*, 52 N. H. 513, has been modified by later decisions (*Hoyt* v. *Company*, 80 N. H. 27, 31-32) and that the issue presented by a motion such as this is whether justice requires that the second action stand, or that it be dismissed as vexatious. *Dolber* v. *Young*, 81 N. H. 157, 159; *Tinkham* v. *Railroad*, 77 N. H. 111. Additionally, the present action is distinguishable from *Gamsby* v. *Ray*, *supra*, by the circumstance that here the previous action was pending in Massachusetts, where the liberal rule as to amendment relied on in *Gamsby* may not necessarily apply. Furthermore the Massachusetts action had been dismissed as to Schier before the New Hampshire action was dismissed.

A prior action pending in a foreign jurisdiction is ordinarily no ground for abatement, since a court of this jurisdiction cannot assure full protection of the plaintiff's rights elsewhere. 1 Am. Jur. 2d 48, Abatement, Survival, and Revival, *s.* 10; 1 C.J.S., Abatement and Revival, *ss.* 63, 65. No reason appears which would take the present action out of the usual rule.

Accordingly, the ruling of the Trial Court is vacated, and the cause remanded for further proceedings consistent with principles here noted.

*Exception sustained; remanded.*