James J. FITCH, Jr.

v.

Charles WHAPLES.

Supreme Judicial Court of Maine.

May 31, 1966.

James Blenn Perkins, Jr., Boothbay Harbor, for plaintiff.

William P. Hassan, Boothbay Harbor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

DUFRESNE, Justice.

On November 10, 1964, the plaintiff brought the instant action for breach of contract in which real estate in the name of the defendant was attached. Defendant asserts as one of his defenses the following: "A prior suit for the same cause of action, between the same parties was commenced in March, 1964, in the Middlesex County, Connecticut Court of Common Pleas and said suit is still pending. The real estate of said Defendant in said county was attached to value of $5,000.00 and still remains attached. The Plaintiff and Defendant are legal residents of Old Saybrook in said county and state. Said court has legal jurisdiction of said action." In pretrial order, it was agreed that the plaintiff would present as an exhibit in this case, without objection from the defendant, the complaint and answer in the Connecticut proceedings and that since the parties were admittedly the same, the plaintiff's position was that defendant's allegations in Connecticut constitute admissions in Maine. The docket discloses that upon hearing, the presiding Justice below issued the following decree: "It is not disputed that there is still pending in a Connecticut court which has jurisdiction over both the matter and the parties a suit for the same cause of action in which the same relief is sought as alleged in Defendant's first defense and that that action was commenced prior to this one. In my opinion the Plaintiff is thus barred from prosecuting his claim in this present action. The Plaintiff's complaint is therefore dismissed without prejudice with costs for Defendant." From this ruling, the plaintiff has appealed.

The issue raised in this Court is whether the pendency of a prior suit for the same cause of action between the same parties in the State of Connecticut barred the plaintiff's subsequent prosecution of the instant action in Maine.

Dismissal of the action, even without prejudice, is an abatement thereof for the time being. It substitutes for the common law plea in abatement. It not only postpones the action as a stay thereof might have done, but it discontinues the complaint completely so that an entirely new suit must be instituted to bring the cause before the court again. Furthermore, for purposes of comparison, a stay keeps an attachment alive, while an abatement or dismissal destroys the same.

"The plea of the pendency of another action is a dilatory one, * * * The principle on which the plea is allowed is that a person should be protected from being harassed and vexed by the pendency of two actions at the same time to recover the same demand. At common law and in the earlier practice of the courts the rule allowing this plea was applied with strictness * * * But later decisions are more liberal; and, while the authorities are not now wholly in accord as to its application, we think it is the modern doctrine, supported by a great weight of judicial precedent, that the rule allowing this plea is not one of unbending rigor or of universal application, but rather one to be applied to promote justice and equity; and that it should not be allowed where justice to the defendant does not reasonably require it, and where to allow it would work manifest injustice to the plain-

tiff." Brown v. Brown, 110 Me. 280, 282, 86 A. 32, 33.

■ If a liberal attitude against the abatement of a second suit is to be the rule where the duplicate suit is brought in the same jurisdiction as in Brown, supra, a similar latitude should obtain where the pending suit is in a different state, at least until such time as the vexatiousness of the second suit is made to appear. Even if our Court will not countenance vexation and oppression, it should not on the other hand set up automatic road blocks against the use, in a fair manner, of any avenue of redress opened to a litigant.

■ By the great weight of authority, the pendency of an action in personam, or transitory action, in one state is not sufficient cause, as a general rule, for the abatement of an action subsequently commenced in another state between the same parties for the same cause, even though complete jurisdiction has been acquired by the court in which the first action is pending. Chicago, R. I. & P. R. Co. v. Schendel, (1926) 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Kline et al. v. Burke Const. Co., (1922) 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Hatch v. Spofford, 22 Conn. 485, 58 Am.Dec. 433; Simmons v. Superior Court in and for Los Angeles County, (1950) 96 Cal.App.2d 119, 214 P.2d 844, 19 A.L.R.2d 288; Beneke v. Tucker, (1918) 90 Or. 230, 176 P. 183; Schmidt v. Posner, 130 Iowa 347, 106 N.W. 760; Greenberg v. Greenberg et al., 11 N.J. Super. 582, 78 A.2d 723; Miller v. Kearnes, 1935, 45 Ariz. 548, 46 P.2d 638; Sandwich Mfg. Co. v. Earl, 56 Minn. 390, 57 N.W. 938; Hill v. Hill, 51 S.C. 134, 28 S.E. 309; Mills v. Howard, 228 S.W.2d 906 (Tex.Civ. App.); 1 Am.Jur.2d, Abatement, Survival and Revival, § 10; 1 C.J.S. Abatement and Revival § 65.

■ It is true that a court has the right, and under certain circumstances the duty, to stay a proceeding until an action between the same parties for the same cause pending in another state is completed and that the grant or denial of such postponement lies within the sound judicial discretion of the trial court. Tinney v. Tinney, 211 Cal.App. 2d 548, 27 Cal.Rptr. 239; Simmons v. Superior Court in and for Los Angeles County, supra; Beneke v. Tucker, 90 Or. 230, 176 P. 183 (1918); Hill v. Hill, 51 S.C. 134, 28 S.E. 309; Mills v. Howard, 228 S.W. 2d 906 (Tex.Civ.App.1950); Farmland Irr. Co. v. Dopplmaier, 48 Cal.2d 208, 308 P.2d 732, 66 A.L.R.2d 590, (1957); 20 Am.Jur. 2d Courts, § 137; Anno. 19 A.L.R.2d 301; 1 C.J.S. Actions § 133(6); 21 C.J.S. Courts § 548.

General Foods Corporation v. Cryo-Maid, Inc. (Del.), 198 A.2d 681, at page 683 (1964): "When similar actions between the same parties involving the same issues are filed in separate jurisdictions the court in which either of said actions is filed may in the exercise of its discretion hold that action in abeyance to abide the outcome of the action pending in the other court. The power is inherent in every court and flows from its control over the disposition of causes on its docket. The decision is one to be made in the light of all the circumstances * * * Ordinarily the action first in time will not be stayed to permit the prosecution to conclusion of a subsequent action filed in another forum. This does not, however, follow always as a hard and fast rule. The circumstances of the litigation may be such as to make it desirable to stay the first action, and to permit the subsequent action to proceed to conclusion." 1 Am.Jur.2d, Actions, §§ 92, 94, 95; 1 C.J.S. Actions § 133c(1); Anno. 19 A.L.R.2d 317, 323, § 8; Restatement, Conflict of Laws, § 619, comment a.

■ A stay of proceedings, which in and of itself is less likely to result in prejudice than the abatement of the action, is not a matter of right to the parties, but rests within the sound discretion of the trial court. Multiple considerations may serve the trial court in a judicial exercise of its discretion in granting or denying a

stay, such as whether the subsequent action was designed solely to harass the adverse party; the nature of the respective actions, especially with a view as to which appears to provide complete justice; also, where did the cause of action arise and which law will be applicable; will there be great and unnecessary expense and inconvenience; the availability of witnesses; the stage at which the proceedings in the other court have already progressed; the delay in obtaining trial. Each case must perforce present its own variety of circumstances which may necessitate different results.

■ Many circumstances which will induce a court of one state to stay its proceedings to await the prosecution of a pending action in another state between the same parties for the same cause, might be advanced to obtain an abatement of the action instead of a mere postponement. If any exception to the general rule that the pendency of an action in personam in one state is insufficient cause for abatement of a suit subsequently commenced in another state between the same parties for the same cause, is to be given judicial recognition in this State, its justification must come from the application of the law of comity between states, and recourse to it, as in the case of a stay of the action, must abide the exercise of sound judicial discretion. See *Pacific & Atlantic Shippers, Inc. v. Schier*, 106 N.H. 69, 205 A.2d 31. *Tinney v. Tinney*, 211 Cal.App.2d 548, 27 Cal.Rptr. 239.

Even where the second suit was commenced by the plaintiff while the first suit was pending, both in the same court, our Court approved the overruling of a plea in abatement, where upon inquiry, it was determined that the second suit was not vexatious but was necessary to protect and secure the plaintiff's full rights. "It was the duty of the presiding justice, on a plea in abatement filed in the second action, to balance the annoyance or expense to the defendant, if any, as against the rights of the plaintiff." *Fontaine v. Peddle*, 144 Me. 214, 218, 67 A.2d 539, 541.

■ In the instant case, the Justice below in his decision ruled as a matter of law that because of the pendency in Connecticut of an action for the same cause between the same parties, the plaintiff "is thus barred from prosecuting his claim in this present action." Such was error. The bar which comity between courts of sister states will erect against the prosecution of an action in one state in deference to the completion of a pending action in another state is not absolute. There is no compulsory duty resting on a trial court to stay the proceedings pending before it on account of the pendency in another jurisdiction of an action previously instituted between the same parties for the same cause. The doctrine of comity does not establish an imperative rule of law. It has the power to persuade but not command. *Boston Law Book Company v. Hathorn*, 119 Vt. 416, 127 A.2d 120, (1956).

"Comity, in a legal sense, is neither a matter of absolute obligation on the one hand nor of mere courtesy and good will upon the other. But it is the recognition which one nation [state] allows within its territory to the legislative, executive or judicial acts of another nation [state], having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws." *Fantony v. Fantony*, 21 N.J. 525, 122 A.2d 593, 596, (1956). See, *Foss v. Richards*, 126 Me. 419, 139 A. 313.

"The chief test as to what is or is not a proper exercise of judicial discretion is whether in a given case it is in furtherance of justice. If it serves to delay or defeat justice it may well be deemed an abuse of discretion." *Wagner, Petr. from decision Judge of Probate*, 155 Me. 257, 153 A.2d 619; *State v. Hume*, 146 Me. 129, 134, 78 A.2d 496; *Lebel v. Cyr*, 140 Me. 98, 102, 34 A.2d 201.

In the instant case, the Justice below did not purport to exercise judicial dis-

cretion. His decision was based upon a misconception of the applicable law.

"Discretion means legal discretion in the exercise of which the court *must take account of the law applicable to the particular circumstances of the case and be governed accordingly.* Implicit is conscientious judgment directed by law and reason and looking to a just result. * * * Consequently, if the trial judge misconceives the applicable law, or misapplies it to the factual complex, in total effect the exercise of the legal discretion lacks a foundation and becomes an arbitrary act, however conscientious may have been the judge in the performance of it." [Emphasis supplied.] Wasserstein v. Swern & Co., 84 N.J.Super. 1, 200 A.2d 783, 786, (1964); Kavanaugh v. Quigley, 63 N.J.Super. 153, 164 A.2d 179, 182.

■ If the justice below finds without evidence, or if he exercises discretion without authority, his doings may be challenged. Sard v. Sard, 147 Me. 46, 53, 83 A.2d 286; First Auburn Trust Company v. Baker's Estate, 134 Me. 231, 184 A. 767. It is tantamount to an abuse of discretion.

■ Dismissal of the action without prejudice does not excuse the failure to exercise any discretion. Alamance Industries, Inc. v. Filene's, 1st Cir., 291 F.2d 142, 146 (1961). See also, Martin v. Graybar Electric Co., 7 Cir., 266 F.2d 202 (1959).

■ The dismissal of the action, if permitted to stand, would effectively discharge the attachment upon the defendant's real estate in Maine. How prejudicial such action may be to the rights of the plaintiff in obtaining full redress in his action, should he be entitled to a verdict, cannot be determined without proof of the circumstances surrounding the situation of the parties, the value and condition of the respective properties under attachment in Maine and in Connecticut, the existence of any encumbrances thereon, the situs of the evidence, and the expeditious-

ness or delay involved in a trial in the foreign state.

There must be a balancing of the special equities in each case. The plaintiff was not given the opportunity to have that issue determined. However, we do not intimate that a dismissal of the action, even without prejudice, may or may not be made in this case in the proper exercise of judicial discretion after receiving evidence on such issue, where a stay of the action could accomplish the same end with preservation of the Maine attachment. All we do decide is that it was error to dismiss the plaintiff's action as a matter of law.

The entry will be

Appeal sustained.

Case remanded for further action in conformity with this opinion.