**Earl BROWN**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1988.
Decided Nov. 4, 1988.

Stephen C. Whiting (orally), Hewes, Douglas, Whiting & Quinn, Portland, for plaintiff.

James E. Tierney, Atty. Gen., Phyllis Gardiner (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

Earl Brown appeals from a judgment of the Superior Court (Kennebec County, *Alexander, J.*), dismissing for lack of standing his complaint for review of a decision and award of the Board of Arbitration. We vacate the judgment of the Superior Court.

This case arises under both the Oil Discharge Prevention and Pollution Control Act, 38 M.R.S.A. §§ 541–560 (1978 & Supp. 1987), and the Underground Oil Storage Facilities and Ground Water Protection Act, *id.* §§ 561–570–F (Supp.1986).[1] One of the purposes of both Acts is to "provide procedures whereby persons suffering damage from [leaks or unlicensed discharges of oil, petroleum or their by-products] may be promptly made whole." *Id.* §§ 541 (1978), 561 (Supp.1986). To carry out this purpose, provision is made for non-lapsing, revolving funds[2] for the payment of, *inter alia*, certain third-party damages, costs of removing pollutants, and costs for restoration of water supplies. *Id.* §§ 551 (Supp.1987), 569 (Supp.1986). Pursuant to both Acts, "[a]ny person claiming to have suffered damages to real estate or personal property or loss of income directly or indirectly as a result of a discharge of oil" may apply to the Board of Environmental Protection "stating the amount of damage alleged to be suffered as a result of such discharge." *Id.* §§ 551(2), 569(2). Damages claims within the Acts' purview are recoverable by third parties through the exclusive remedial procedures set forth by sections 551(2)(D) and 569(2)(D).

After a claim is submitted, the Board of Environmental Protection (BEP) must hold a hearing to determine the person or entity responsible for the discharge. Me. Dep't of Envtl. Protection, ch. 650, R. 11. The BEP's determination of the responsible party is not appealable. 38 M.R.S.A. §§ 551(3) (Supp.1987), 569(3) (Supp.1986). Thereafter, if the claimant, BEP, and the responsible party cannot agree to the amount of the claim for damages, the third-party claim is submitted to a Board of Arbitration.

The determinations of the Board of Arbitration are final. *Id.* §§ 551(3)(E), 569(3)(E). In regard to an appeal of determinations by the Board of Arbitration, the Acts provide:

Determinations may be subject to review by a Justice of the Superior Court, but only as to matters relating to abuse of discretion by the Board of Arbitration. A party seeking review of a Board of Arbitration determination must file an appeal in the Superior Court within 30

---

1. Since the claims were filed in this case, section 569(2) and (3) of the Underground Oil Storage Facilities and Ground Water Protection Act regarding the arbitration procedure for third-party damages claims has been repealed and replaced with provisions setting forth a procedure before an independent hearing examiner. *See* P.L.1987, ch. 491. These amendments, set forth in 38 M.R.S.A. §§ 569(2–A) and (3) (Supp.1987), are inapplicable to the instant case.

2. The Oil Discharge Prevention and Pollution Control Act established the Maine Coastal Protection Fund. The name has been changed to the Maine Coastal and Inland Surface Oil Cleanup Fund since the instant claims were filed. 38 M.R.S.A. § 542(5) (1978), *amended by* P.L.1985, ch. 496, § A(6). The Underground Oil Storage Facilities and Ground Water Protection Act established the Ground Water Oil Clean-up Fund. 38 M.R.S.A. § 569 (Supp.1986).

days of the Board of Arbitration determination.

*Id.* §§ 551(3)(E), 569(3)(E). If a Board of Arbitration's determination is appealed, payment of the damages award is withheld until final judgment. Payment is then made from the appropriate fund with interest from the date of the Board of Arbitration's determination. *Id.* §§ 551(3)(G), 569(3)(G).

After payment of a damages claim (and other expenses associated with, *inter alia,* removal of the discharge and remedial measures) from the statutorily established funds, the Department of Environmental Protection must seek recovery from the responsible party for reimbursement of the appropriate funds "unless the department finds the amount involved too small or the likelihood of success too uncertain." *Id.* §§ 551(6), 569(6). If a request for reimbursement is not paid within thirty days of the demand, the "demand shall be turned over to the Attorney General for collection." *Id.* §§ 551(6)(C), 569(6).

In a de novo proceeding against the responsible party for collection of damages for reimbursement of the funds, the Attorney General is required to plead and prove both the liability[3] on the part of the responsible party and the amount of damages. *Portland Pipe Line Corp. v. Environmental Improvement Commission,* 307 A.2d 1, 29 (Me.1973).[4] The amount of third-party damages that can be recovered from the responsible party cannot exceed that amount awarded by the Board of Arbitration. *See* 38 M.R.S.A. §§ 551(6) (Supp. 1987), 569(6) (Supp.1987).

After investigation of ground water contamination from a gasoline discharge, the Department of Environmental Protection designated Earl Brown as the responsible party for several third-party damages claims filed by residents of Cabbage Hill in North Berwick. The Department of Environmental Protection implemented temporary and remedial measures pursuant to its statutory authority. The Department also convened a Board of Arbitration to determine the amount of damages, if any, to be awarded to the third-party claimants and designated an arbitrator to represent the public interest. Pursuant to the statute, Brown also appointed an arbitrator and these two appointed arbitrators chose a third to act as chairman. The Board of Arbitration issued a decision and award on July 17, 1987, awarding the various claimants a total of $81,347.29 from the funds.

Earl Brown, pursuant to M.R.Civ.P. 80C and 38 M.R.S.A. §§ 551(3)(E) (Supp.1987), 569(3)(E) (Supp.1986), appealed the decision and award of the Board of Arbitration to the Superior Court. The Superior Court held that because Brown failed to demonstrate a particularized injury he lacked standing to appeal the arbitration award and dismissed his complaint. It is from this judgment of dismissal that Brown appeals.

There is no dispute that Brown was a party to the proceedings before the Board of Arbitration. The designation of Brown as the responsible party, his appointment of an arbitrator pursuant to the Acts and his representation at the hearings evidences Brown's status as a party to the arbitration proceedings. The only issue raised is whether Brown has suffered a particularized injury by the Board of Arbitration's decision and award. The Superior Court concluded that Brown did not suffer a particularized injury because of the speculative nature of his claim. The court reasoned that Brown was not adversely affected by the decision because Brown will have a de novo trial of the issues of liability and damages in a judicial proceeding when, and if, the Attorney General initiates a reimbursement action against him.[5] We disagree.

---

3. Liability under the statutes is premised on strict liability. 38 M.R.S.A. §§ 552 (Supp.1987), 570 (Supp.1986).

4. The statute in existence at the time of *Portland Pipe Line* is not significantly different from the two statutes at issue here.

5. The court also found that an appeal from the arbitration proceedings would be inconsistent with the statutory objective of prompt payment for third-party claims. The statutes, however, do not limit appeals to third-party claimants, but refer to "[a] party" in the provisions concerning appeals of arbitration determinations.

In his complaint, Brown alleges that the Board of Arbitration abused its discretion by its award of damages to several of the third-party claimants, without any factual basis whatsoever in the record to support the awards. *See* 38 M.R.S.A. §§ 551(3)(E) (Supp.1987), 569(3)(E) (Supp.1986). *See Fitch v. Whaples*, 220 A.2d 170, 174 (Me. 1966) (factual findings without evidence are "tantamount to an abuse of discretion"). Assuming Brown can sustain his burden of proof on appeal, the total amount of the award will be reduced or vacated. The reduced or vacated award will replace the original total award as a ceiling for the third-party damages that the Attorney General could seek from Brown in a de novo reimbursement action. Brown will be foreclosed from a judicial review of the proceedings before the Board of Arbitration if he cannot now appeal its determinations. The Acts do not contemplate that in the de novo proceedings against Brown to seek reimbursement to the appropriate fund the Attorney General will be confined to that evidence adduced before the Board to establish that the third-party claimants have in fact been damaged. Any deficiency in proof before the Board can be remedied by the Attorney General in the de novo proceeding. Accordingly, it cannot be said that the Board of Arbitration's decision did not operate prejudicially and directly on Brown's property and pecuniary rights. Brown therefore has standing to appeal the arbitration award.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

38 M.R.S.A. §§ 551(3)(E) (Supp.1987), 569(3)(E)    (Supp.1986).