STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-AP-16-06

BARBARA A. BOUTET, BARBARA A. )
BOUTET, INC., and PINE RIDGE )
REALTY CORPORATIONS, )
)
Petitioners, )
)
v. )
)
RESIDENTS OF THE TOWN OF OLD )
ORCHARD BEACH, TOWN OF OLD )
ORCHARD BEACH PLANNING )
BOARD and DOMINATOR GOLF, LLC, )
)
Respondents. )
)

**COMBINED ORDER ON MOTIONS**

Petitioners Barbara A. Boutet, Barbara A. Boutet, Inc., and Pine Ridge Realty

Corporation challenge an "apparently granted" Approval to Dominator Golf, LLC ("Dominator")

to amend the Dunegrass Subdivision to develop eight single-family lots on a portion of land that

used to be part of the Subdivision's Golf Course. (Compl. ¶¶ 1, 25, 32.) The approval occurred

on or about February 11, 2016 by the Planning Board for the Town of Old Orchard Beach (the

"Town"). (*Id.*) Petitioners challenge the approval through a four count Complaint asserting: I) a

M.R. Civ. P. 80B Appeal; II) a request for declaratory relief regarding the development rights of

the eight units at issue; III) a 42 U.S.C. § 1983 claim against the Town alleging due process

violations; and IV) a claim for unjust enrichment against Dominator. Petitioners' 80B Appeal

alleges, in pertinent part, that the Planning Board erred in its approval of Dominator's application

because it improperly delegated fact finding to staff; the staff carried out an incomplete and

misleading analysis; the Planning Board failed to recognize Petitioners' right to participate in the

proceedings as a full party or intervenor; failed to provide Petitioners' sufficient notice;

improperly transferred development rights to Dominator; and failed to carry out a complete analysis of Dominator's application. (*See* Compl. ¶ 35.)

Currently, there are three motions pending before the court: 1) Petitioners' motion for a trial of the facts and to permit discovery regarding an allegedly removed and concealed spreadsheet setting out a unit count for the Dunegrass Subdivision; 2) Dominator's motion to dismiss Counts II and IV of Petitioners' Complaint, stay Petitioners' M.R. Civ. P. 80B Appeal and, if its motion to dismiss is not granted, stay Counts II and IV; and 3) the Town's motion to dismiss and/or strike Counts II and III of Petitioners' Complaint.

Here, Petitioners' Complaint arises out of the same core facts as the M.R. Civ. P. 80B Appeal this court recently ruled on in BCD-AP-16-07.[1] In light of the similarity and numerous overlapping issues, the court denies Petitioners' motion for a trial of the facts and to permit discovery without prejudice to subsequent renewal. As an initial matter, Petitioners' failure to file the record along with their motion for a trial of the facts and discovery, by itself, is sufficient to deny the motion. M.R. Civ. P. 80B(e)(1) ("Where a motion is made for a trial of the facts pursuant to subdivision (d) of this Rule, the moving party shall be responsible to ensure the preparation and filing of the record and *such record shall be filed with the motion*.") (emphasis added). While Petitioners argue that they could not have filed the record at the time of their appeal, the court notes that to date, Petitioners have yet to file the record. Indeed, Petitioners' filed three motions to extend the deadline for filing the brief and record in this matter as well as a

---

[1] In that case, this court determined that the Planning Board did not err by: 1) refusing to resolve Petitioners' dispute with Dominator regarding development rights; 2) determining that Dominator's Application to amend the Dunegrass Subdivision would not exceed the 589 unit sites originally approved for the Subdivision by focusing its calculation on units available from Section B of the Subdivision; 3) using the 589 unit sites as a proxy for density; 4) determining that the dedicated open space requirements were satisfied; or 5) providing Petitioners insufficient notice and opportunity to be heard. *Boutet et. al v. Residents of the Town of Old Orchard Beach*, BCD-AP-16-07 at 18 (Me. Super. Ct., BCD Cumb. Cty., Aug. 19, 2016).

2

fourth motion seeking to stay briefing and submission of the record until resolution of the three pending motions, which the court granted on August 8, 2016. In their motion to stay briefing and submission of the record, Petitioners explained that resolution of the motions would determine the course of further proceedings and could obviate the need to resolve potential disputes concerning the record. The court agrees that a stay on briefing and submission of the record could streamline and/or simplify the present appeal, but disagrees as to the scope of the the stay that is warranted.

A stay of proceedings is not a matter of right and the "grant or denial of the stay rests in the sound discretion of the court." *Society of Lloyd's v. Baker*, 673 A.2d 1336, 1340 (Me. 1996) (quotation omitted). A stay will only be granted "when the court is satisfied that justice will thereby be promoted." *Id.* (quotation omitted). Multiple considerations may serve the court in the exercise of its discretion in granting or denying a stay, such as whether the action was designed solely to harass the adverse party, the nature of the respective action, whether there will there be great and unnecessary expense and inconvenience, the availability of witnesses, the stage at which the proceedings have already progressed, and the delay in obtaining trial. *E.g. Fitch v. Whaples*, 220 A.2d 170, 172-73 (Me. 1966). "Each case must perforce present its own variety of circumstances which may necessitate different results." *Id.*

Here, the court determines that a stay of proceedings in the present case is warranted until final resolution of BCD-AP-16-07 because: 1) BCD-AP-16-07 will adjudicate many of the issues raised in the present appeal and pending motions; 2) a stay will avoid unnecessary expense and inconvenience for all parties; 3) the proceedings in the present case are at an early stage as the

3

record has yet to be filed; and 4) the court is not persuaded that the present appeal differs substantially enough from BCD-AP-16-07 to warrant moving forward simultaneously.[2]

Accordingly, the court reserves judgment on Dominator and the Town's motions to dismiss and/or strike, denies Petitioners' motion for a trial of the facts and discovery without prejudice to its subsequent renewal, and stays the current proceedings until final resolution of BCD-AP-16-07.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated: September 8, 2016                    ___/s_____
                                            **Michaela Murphy**
                                            **Justice, Business & Consumer Court**

---

[2] For instance, Petitioners' allegations of malfeasance by Town planning staff and/or the Planning Board are not strongly supported by the evidence submitted thus far. Specifically, the evidence and arguments Petitioners presented regarding an allegedly removed spreadsheet indicates that the spreadsheet was willingly and promptly provided to them by the Town and/or its employees before the Planning Board's decision and that the substance of the allegedly removed spreadsheet—albeit not the actual document—was presented to the Planning Board through various submissions by Petitioners.

**Ronald A. Boutet, Barbara A. Boutet, Inc., & Pine Ridge Realty Corp. v. Residents of the Town of Old Orchard Beach, Town of Old Orchard Beach Planning Board & Dominator Golf, LLC**

## BCD-AP-2016-06

Ronald A. Boutet, Barbara A. Boutet, Inc., & Pine Ridge Realty Corp.

Edward MacColl, Esq
Thompon MacColl & Bass
PO Box 447  Portland, ME
04112

Residents of the Town of Old Orchard Beach, Town of Old Orchard Beach Planning Board & Dominator Golf, LLC

Daniel Murphy,  Esq.
Bernstien Shur
PO Box 97729 Portland,
ME 04104