**Edward W. JONES, et al.**

v.

**Harold E. YORK.**

Supreme Judicial Court of Maine.

Argued March 8, 1982.

Decided April 23, 1982.

Hastings, & Son, P.A., David R. Hastings, III (orally), Peter G. Hastings, Fryeburg, for plaintiffs.

Arthur H. Bloomberg (orally), Bridgton, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS and WATHEN, JJ., and DUFRESNE A. R. J.

DUFRESNE, Active Retired Justice.

Edward W. Jones and his wife, Diane, as alleged owners in fee title of a lot of land with the buildings thereon located at the junction of Oxford and Smith Streets in the Town of Fryeburg, in the County of Oxford, joined by Richard J. Goff, Jr., and his

wife, Priscilla, as lessees of the stated premises by virtue of a written five-year lease with option to purchase executed to them by the said Joneses, commenced the instant action of forcible entry and detainer on April 3, 1981, in District Court, Bridgton, against the defendant, Harold E. York, whose tenancy at will was said to have been terminated by written notice to quit entitling the plaintiffs to immediate possession of said premises withheld by the defendant.[1]

In his timely answer to the complaint the defendant York, besides his claim of title to the premises, raised several affirmative defenses such as the alleged lack of jurisdiction in the District Court because of the earlier filing in the Superior Court of the defendant's action for declaratory relief respecting the rights of the parties to the premises, the existence of a valid and legally binding oral lease of the premises entitling the defendant to the right of possession of the premises, the invalidity of the lease between the Joneses and the Goffs on the ground that it was a fictitious lease intended solely for the purpose of evicting the defendant, and promissory estoppel.

On the return day, pursuant to D.C.Civ.R. 80D(d) and 14 M.R.S.A. § 6007, the plaintiffs filed a written allegation that the defendant's claim of title was frivolous and intended for delay.[2] Trial date was set for May 7, 1981, and, after having examined the case to ascertain the truth of the plaintiffs' attack upon the defendant's claim of title, the trial judge did make an express finding that the defendant's claim of title was frivolous and intended for delay. In this posture of the case, the issue of title must be deemed having been decided, here, in favor of the plaintiffs, and the action properly did remain in the District Court

for disposition of the other issues raised by the defendant in his pleadings. *Bicknell Manufacturing Company v. Bennett*, Me., 417 A.2d 414, 419 (1980). After full hearing, the District Court judge ultimately decided all other issues in favor of the plaintiffs and against the defendant, held that the plaintiffs were entitled to possession of the premises, and ordered the entry of judgment for the plaintiffs for possession of the premises as specifically described in his order.

From the entry of judgment on July 13, 1981, the defendant timely appealed to the Superior Court, Oxford County. By motion filed in the Superior Court the plaintiffs sought an order against the defendant for him to pay rent into an escrow account, pursuant to 14 M.R.S.A. § 6008, while in possession of the premises, should the issuance of the writ of possession be stayed pending disposition of the defendant's appeal. Though expressly stating in its order dated September 11, 1981, that the plaintiffs' motion was moot "as tenant defendant has removed from premises," the Superior Court, nevertheless, remanded the case to the District Court for the sole purpose of having the writ of possession issued by that court since no stay of the writ had been obtained pursuant to 14 M.R.S.A. § 6008. On return of the case to the Superior Court following the issuance of the writ of possession by the District Court as mandated, the Superior Court on October 23, 1981, denied the defendant's appeal on the express finding that there was no error in the District Court judgment, nor in its exercise of jurisdiction, and remanded the case to the District Court once more. We now dismiss the defendant's appeal to this Court for mootness.

---

1. 14 M.R.S.A. § 6001 provides *inter alia* that: "[p]rocess of forcible entry and detainer may be maintained ... against a tenant holding under a written lease ... at the expiration or forfeiture of the term ... and against a tenant at will, whose tenancy has been terminated as provided in section 6002."

2. 14 M.R.S.A. § 6007 reads in full as follows:

The plaintiff may make a written allegation that the defendant's claim of title is frivolous and intended for delay and the judge shall then examine the case so far as to ascertain the truth of such allegation, and if satisfied of the truth thereof, he shall proceed to try the cause, and if it is determined in favor of the plaintiff, he may issue a writ of possession for removal of the defendant; but this shall not prevent an appeal as provided in section 6008.

■ Initially, we take notice of the defendant's contention that the District Court had no jurisdiction to entertain the instant action of forcible entry and detainer on the ground that an action for declaratory judgment respecting the rights of the parties inter se had already been commenced and entered in the Superior Court at the time the forcible entry and detainer action was filed in the District Court. Jurisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion. *Maine Central R. Co. v. Bangor & Aroostook R. Co.*, Me., 395 A.2d 1107, 1118 (1978); *Brown v. Manchester*, Me., 384 A.2d 449, 451, n. 2 (1978); *Walsh v. City of Brewer*, Me., 315 A.2d 200, 210–11 (1974); *Charles Cushman Co. v. Mackesy*, 135 Me. 490, 492, 200 A. 505, 507, 118 A.L.R. 148 (1938).

If the courts below lacked jurisdiction, whether it be the Superior Court on appeal or the District Court at the initial level of the proceedings, this Court can proceed no further. *See Fletcher v. Feeney*, Me., 400 A.2d 1084, 1089 (1979). If the District Court lacked original jurisdiction of the subject matter, the subsequent appeals to the Superior Court and to this Court were legal nullities. *See Casco Bank & Trust Company v. Johnson*, Me., 265 A.2d 306, 308 (1970).

The District Court had already held that the defendant's claim of title was frivolous and intended for delay. In so finding, the court was ruling, preliminarily at least and subject to appeal, that the plaintiffs had title as against the defendant sufficient to maintain the action of forcible entry and detainer. In its ultimate decision, after hearing the evidence on all other issues open for determination, the court entered judgment in favor of the plaintiffs against the defendant for possession of the real estate involved. Thus, the defendant's appeal at this juncture was properly before the Superior Court, as the District Court judgment was a final adverse judgment. Open for decision at the appellate level in the Superior Court were the following issues to be addressed in the following order, and this on the record made in the District Court: 1) whether the District Court lacked jurisdiction of the forcible entry and detainer action as claimed by the defendant (*Cf. Fern Construction Co., Inc. v. Binnall*, Me., 443 A.2d 67, 69 (1982)); 2) whether the defendant's claim of title to the premises, as appears from the existing record, was as a matter of law colorable, and not frivolous nor merely intended for delay as found by the District Court (this procedure safeguards a defendant's right to jury trial respecting what he believes to be a valid claim of title to the premises entitling him to possession as against the adverse party— *see Maine Civil Procedure*, Field, McKusick and Wroth, Vol. 2, Commentary to Rule D.C.C.R. 80D, § 180D.4, at 510); and 3) whether the District Court erred as a matter of law in its ultimate decision in favor of the plaintiffs on the remaining issues.

■ The defendant's contention that the District Court lacked jurisdiction of the instant forcible entry and detainer action is without merit. The defendant's anticipatory counter suit for declaratory judgment in the Superior Court, filed shortly before the commencement of the plaintiffs' action, did not deprive the District Court of its *exclusive* jurisdiction of the statutory remedy established as a mechanism whereby the right to the *immediate* possession of land to the exclusion of the adverse party may be *summarily* decided. *See Tozier v. Tozier*, Me., 437 A.2d 645 (1981). The pendency in competing courts of two separate actions involving the same subject matter, parties and issues does not pose a question of jurisdiction but one of comity. The general rule is that in cases of concurrent jurisdiction the court given priority is that which first exercises jurisdiction. *Stevens v. Stevens*, Me., 390 A.2d 1074, 1077 (1978). The doctrine of comity, however, even when called into play in either of two competing courts of the same jurisdiction, does not establish an imperative rule of law of unbending rigor, but rather one to be applied to promote justice and equity. *See Fitch v. Wha-*

*ples*, Me., 220 A.2d 170 (1966). It should not prevail where justice to the defendant does not reasonably require it, and where to allow it would work manifest injustice to the plaintiffs. *See Brown v. Brown*, 110 Me. 280, 282, 86 A. 32, 33 (1913).

In the instant case, the Superior Court committed no error in ruling that the District Court had properly undertaken to exercise jurisdiction. In balancing the rights of the parties, the District Court did not abuse its discretion in deciding that justice would be promoted in proceeding with the action of forcible entry and detainer upon consideration of the following factors: the underlying basis of the forcible entry and detainer complaint, *i.e.* the notice to quit, was first in time; the process in the District Court was summary in nature and provided an early and more expeditious resolution of the dispute respecting the parties' right to immediate possession of the real property, as compared to Superior Court action in the distant future; the District Court was first in exercising jurisdiction, and this to final judgment, no action having been taken in the Superior Court except for the filing of the declaratory judgment complaint therein; no evidence of vexatiousness on the part of the plaintiffs appears; summary relief in the circumstances of this case is to be favored over delayed action at the Superior Court level; providing relief at the District Court level secured to the parties the just, speedy and inexpensive determination of their dispute in the court having exclusive jurisdiction to try the issue, *i.e.*, which party is entitled to immediate possession of the premises.

■ As related previously, the record in the Superior Court shows that on September 11, 1981, the defendant York had voluntarily removed himself from the disputed premises, a fact conceded at oral argument. Under such circumstances, the defendant's appeal became moot and the Superior Court should have refrained from any further action. To the extent that the court remanded the case for the issuance of the writ of possession and decided the merits of the appeal respecting issues raised therein, ex-cept for the issue of jurisdiction, it went beyond its duties. It is a fundamental appellate principle that this Court or the Superior Court will not consider an appeal that has become moot except in extraordinary circumstances not present herein. *Cote v. Zoning Board of Appeals for City of Bangor*, Me., 398 A.2d 419, 420 (1979). In view of the defendant's voluntary removal from the premises prior to the issuance of the writ of possession, the preexisting factual dispute between the parties relating to the actual possession of the demanded realty had lost controversial vitality for any purpose of decision by a court. *See Good Will Home Association v. Erwin*, Me., 285 A.2d 374, 379 (1971).

The entry will be:

Appeal dismissed.

Issuance of the writ of possession vacated.

Remanded to the Superior Court with directions to remand to the District Court for dismissal of the defendant's appeal and vacation of the issuance of the writ of possession.

All concurring.