STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-11-17

TEXAS 1845, LLC,

          Plaintiff,

v.

MAINE AVIATION AIRCRAFT
MAINTENANCE, LLC, MAINE
AVIATION AIRCRAFT CHARTER,
LLC, WU AVIATION CORP., WU AIR
CORP., MYINT J. KYAW, and ALLYN
CARUSO,

          Defendants

**DECISION AND ORDER**
(Motion to Stay)

      This matter is before the Court on the motion of Defendants Wu Aviation Corp., Wu Air Corp., and Myint J. Kyaw (the "Wu Defendants") to stay these proceedings in favor of related litigation in New York.[1] Plaintiff Texas 1845, LLC opposes the stay; Defendants Maine Aviation Aircraft Maintenance, LLC, Maine Aviation Aircraft Charter, LLC, and Allyn Caruso (collectively, the "Maine Aviation Defendants") support the stay in favor of New York. The Court begins with a brief synopsis of the present suit and of the other cases.

FACTUAL AND PROCEDURAL BACKGROUND

*The Parties*

      Texas 1845, LLC is a Delaware corporation with a principal place of business in Waco, Texas. (Compl. ¶ 1.) Maine Aviation Aircraft Maintenance, LLC and Maine Aviation Aircraft

---

[1] The parties attempted to negotiate a consent order to stay in favor of proceedings in New York. When the parties were unable to finalize an agreement, the Wu Defendants filed a proposed order with the Court. At the Court's request, the parties filed memoranda in support of their respective positions regarding a possible stay. Although Defendants did not file a motion to stay, the Court considers the filing of the proposed order and the supporting memoranda as Defendants' request to stay the Maine proceedings.

Charter, LLC, are Maine limited liability companies with principal places of business in South Portland, Maine. (Compl. ¶¶ 2-3.) Wu Aviation Corp. and Wu Air Corp. are Delaware corporations with principal places of business in Masbeth, New York. (Compl. ¶¶ 4-5.) Myint Kyaw is an individual residing in Queens, New York. (Compl. ¶ 6.) Caruso is an individual employed by Maine Aviation Charter. (Compl. ¶ 7.)

### The Maine Proceedings

According to the verified complaint, Defendant Wu Aviation executed and delivered to Key Equipment Finance, Inc. (KEF) a note dated December 15, 2006 in the amount of $6,600,000.00 ("Aviation Note"). (Compl. ¶ 8; Compl. Exh. A.) To secure repayment, Wu Aviation executed an Aircraft Security Agreement ("Aviation Security Agreement"). (Compl. ¶ 9; Compl. Exh. B.) The collateral for the Aviation Security Agreement is, among other things, a British Aerospace Model BAE 125-1000A, of United States nationality registration marks NI68WU (the "Hawker"), and its engines and accessories including its log and record books. (Compl. ¶ 10; Compl. Exhs. B & C.) On December 13, 2006, Defendant Myint Kyaw executed and delivered a Personal Guaranty of the Wu Aviation loan documents. (Compl. ¶ 17; Compl. Exh. J.)

Defendant Wu Air Corp. executed and delivered to KEF a note dated October 11, 2007 in the amount of $8,342,505.00 ("Air Note I"). (Compl. ¶ 12; Compl. Exh. E.) On the same date, to secure repayment of the note, Wu Air executed an Aircraft Security Agreement ("Air Security Agreement"). (Compl. ¶ 13; Compl. Exh. F.) On September 19, 2007,[2] Defendant Myint Kyaw executed and delivered a Personal Guaranty of the Wu Air loan documents. (Compl. ¶ 16; Compl. Exh. I.) Wu Air also executed and delivered to KEF a note dated December 31, 2008, in

[2] The verified complaint, however, states that the guaranty was executed and delivered on September 13, 2006.

2

the amount of $5,000,000.00 ("Air Note II"). (Compl. ¶ 14; Compl. Exh. G.) Both notes are secured by the October 11, 2007, Air Security Agreement. (Compl. ¶ 14; Compl. Exh. G.) The collateral for the Air Security Agreement is, among other things, an airplane identified as Bombardier Inc., Registration number N75983 (the "CRJ"), as well as its engines and accessories including its log and record books. (Compl. ¶ 15; Compl. Exhs. F & H.)

On September 27, 2007, Defendant Wu Air executed an Aircraft Charter and Lease Agreement with Defendant Maine Aviation Aircraft Charter, LLC for Defendant Maine Aviation Charter to use the CRJ in its charter services (the "CRJ Charter Agreement"). (Compl. ¶ 18; Compl. Exh. K.) On October 11, 2007, defendant Wu Air and defendant Maine Aviation Charter executed an Assignment of Aircraft Charter and Lease Agreement to KEF (the "Aircraft Charter Assignment"). (Compl. ¶ 19; Compl. Exh. L.)

On December 29, 2010, KEF assigned to Plaintiff KEF's interests in the Aviation Note, the Aviation Security Agreement, Air Note I, Air Note II, the Air Security Agreement, the CRJ Charter Agreement, the Aircraft Charter Assignment, and the personal guaranties executed by Myint Kyaw on December 13, 2006, and September 19, 2007. (Compl. ¶¶ 11, 20; Compl. Exhs. D, M.)

Plaintiff alleges that Defendant Wu Aviation is in default under the Aviation Note and Aviation Security Agreement. (Compl. ¶ 21.) Plaintiff further alleges that Defendant Wu Air is in default under Air Note I, Air Note II and the Air Security Agreement.[3] (Compl. ¶ 22.) Pursuant to the Air Security Agreement and the Aviation Security Agreement, in the event of default Plaintiff is entitled, among other things, to take possession of the collateral. (Compl. ¶

---

[3] Plaintiff alleges that Defendant Wu Air is in default pursuant to the terms the Aviation Security Agreement. (Compl. ¶ 22.) However, it appears that Defendant Wu Air did not sign the Aviation Security Agreement and therefore cannot be in default of its terms.

23; Compl. Exhs. B & F.) Defendant Maine Aviation Maintenance is currently in possession of the collateral. (Compl. ¶ 24.) Plaintiff has presented Maine Aviation Maintenance with the Air Security Agreement and the Aviation Security Agreement setting forth Plaintiff's right to possess the collateral, but Maine Aviation Maintenance has refused to turn over the collateral. (Compl. ¶¶ 25-26.)

Plaintiff initiated these proceedings by filing verified complaint in Cumberland County Superior Court on March 11, 2011 requesting: declaratory judgment against that Plaintiff has the superior right of possession to the CRJ and seeking possession of the CRJ (Count I); breach of contract against Defendant Maine Aviation Charter of the CRJ Charter Agreement (Count II); breach of contract against the Wu Defendants of the Air Security Agreement, the Aviation Security Agreement, and the personal guaranties for refusing to turn over the CRJ (Count III); misrepresentation against Defendant Allyn Caruso (count IV); and injunctive relief to prevent removal of the CRJ from the Portland Jetport (Count V). Along with the complaint, Plaintiff filed a motion for a temporary restraining order preventing Defendants from removing the CRJ from the Portland Jetport. The Superior Court granted the order on March 16, 2011, which was extended twice, on April 6, 2011, and May 16, 2011. The May 16, 2011, order extended the TRO "until such time as this Court rules on Plaintiff's pending motion for preliminary injunction."

On April 11, 2011, Maine Aviation Aircraft Maintenance, LLC and Maine Aviation Aircraft Charter, LLC counterclaimed against Texas 1845, LLC. The counterclaim involves a third plane,[4] which Maine Aviation Aircraft Maintenance, LLC and Maine Aviation Aircraft Charter, LLC assert was unlawfully repossessed by Texas 1845, LLC in March of 2011 and

---

[4] The third plane was manufactured by Bombardier Inc., Model No. CL-600-2B19, and has a federal registration number of N888WU. (Me. Aviation Defs.' Countercl. Exhs. A, B; *see also* Wu Defs.' Countercl. Exhs. A, B.)

4

flown to Texas. The counterclaim asserts three counts: tortious interference with contractual relationships of aircraft chartering agreements with three third-party companies (Count I); conversion of the Maine Aviation Charter, LLC's contractual interest in the third plane and a claim for punitive damages (Count II); and defamation for asserting Maine Aviation Aircraft Maintenance, LLC and Maine Aviation Aircraft Charter, LLC had no interest in the CRJ and impugning their business reputation (Count III). (Me. Aviation Defs.' Countercl. ¶¶ 1-29.) The Wu Aviation Defendants counterclaimed on May 10, 2011, asserting the same claims as Maine Aviation Aircraft Maintenance, LLC and Maine Aviation Aircraft Charter, LLC, related to the third plane. (Wu Defs.' Countercl. ¶¶ 1-36.)

On June 28, 2011, the case was accepted for transfer to the Business and Consumer Court, and the Court held a case management conference on July 29, 2011. At that time, the parties agreed to work on a consent order to stay these proceedings in favor of the New York courts. When the parties could not agree to the stay, the Court held oral argument on the motion on December 20, 2011. As represented by counsel at oral argument, the CRJ has been dormant at the Portland Jetport since March of this year. As represented by Plaintiff's counsel at oral argument, and later confirmed to the Court by Maine Aviation Defendants counsel, the lien asserted by Maine Aviation Maintenance was paid in full by Plaintiff on December 20, 2011.

*The New York Proceedings in State Court*

On March 1, 2011, Texas 1845, LLC initiated litigation in New York Supreme Court in the County of Nassau, *Texas 1845, LLC v. Myint J. Kyaw*, Index No. 3202/204, seeking summary judgment in lieu of complaint on the personal guaranties signed by Defendant Myint Kyaw for Wu Aviation Corp. and Wu Air Corp.'s failure to pay on the three associated

5

promissory notes.[5] *See* N.Y. C.P.L.R. 3213 (Consol., LEXIS through 2011) ("When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."). (*See* Wu Defs.' Reply to M. Stay Exh. E (hereinafter, "NY Decision") at 1; *see also* Compl Exhs. A, E, I, J.) In a decision dated September 15, 2011, the court denied Plaintiff's motion because the sum owed was not certain from the face of the operative instruments as required by N.Y. C.P.L.R. 3213. (NY Decision at 5-7.) The court allowed Plaintiff to file a complaint in the action within 60 days from the date of the order. (NY Decision at 7.)

Based on the parties' presentations at oral argument, it appears that the denial of summary judgment in lieu of complaint prompted Plaintiff to reconsider whether to agree to stay the present proceedings. Plaintiff represented at oral argument that it has appealed the New York Supreme Court decision to the Appellate Division of the New York Supreme Court and oral argument is scheduled for January 30, 2012.

*New York Proceedings in Federal Court*

On April 13, 2011, Texas 1845, LLC initiated litigation in the United States District Court for the Eastern Division of New York, *Texas 1845, LLC v. Wu Air Corp.*, Civil Action No. 11-CV-01825, by filing a twelve-count complaint against Wu Air Corp., Wu Aviation Corp., Maine Aviation Aircraft Maintenance, LLC, Maine Aviation Aircraft Charter, LLC, and Allyn Caruso. (Maine Aviation Defs.' Reply to M. Stay Exh. C (hereinafter, "Federal Compl.").) In the federal action, Plaintiff seeks: 1) declaratory judgment that Plaintiff has the superior right of possession to the CRJ logbooks, Hawker, and Hawker logbooks against (Count I); appointment

---

[5] Based on language in the New York decision, it appears that Defendant Myint Kyaw also signed a personal guaranty for Air Note II. (*See* Wu Defs.' Reply to M. Stay Exh. E at 2.) That guaranty is not before this Court.

of a receiver *pendente lite* for the CRJ logbooks, Hawker, and Hawker logbooks (Count II) and over Wu Air Corp. and Wu Aviation Corp. (Count III); replevin against all Defendants of the CRJ logbooks (Count IV) and the Hawker and Hawker logbooks (Count VI); conversion against all Defendants of the CRJ logbooks (Count V) and the Hawker and Hawker logbooks (Count VII); breach of contract against Wu Air Corp. of the Air Security Agreement dated October 11, 2007 (Count VIII), and against Wu Aviation Corp. of the Aviation Security Agreement dated December 15, 2006 (Count IX), (*see* Compl. Exhs. F, B); breach of contract against Wu Air Corp. as to Air Note I and Air Note II (Count X), (*see* Compl. Exhs. E, G), and against Wu Aviation Corp. as to the Aviation Note (Count XI), (*see* Compl. Exh. A); and tortious interference against the Maine Aviation Defendants (Count XII).

Beyond the filing of the complaint, the Court is not clear as to the status of the federal suit.

## DISCUSSION

Whether a court should order a stay of proceedings in favor of proceedings between the same parties in another jurisdiction is grounded in notions of comity. "The general rule is that in cases of concurrent jurisdiction the court given priority is that which first exercises jurisdiction," *Jones v. York*, 444 A.2d 382, 384 (Me. 1982), but the pendency does not "require dismissal of the subsequently commenced action," *E. Fine Paper, Inc. v. Garriga Trading Co.*, 457 A.2d 1111, 1113 (Me. 1983). "Declaratory relief," however, "may be appropriate despite such a pending action if exceptional circumstances are alleged and proved, particularly if it is shown that denial of the relief would work injustice to the plaintiff." *Id.* Regardless, "[a] stay of proceedings . . . is not a matter of right to the parties, but rests within the sound discretion of the trial court." *Fitch v. Whaples*, 220 A.2d 170, 172 (Me. 1966).

7

> When similar actions between the same parties involving the same issues are filed in separate jurisdictions the court in which either of said actions is filed may in the exercise of its discretion hold that action in abeyance to abide the outcome of the action pending in the other court. The power is inherent in every court and flows from its control over the disposition of causes on its docket. The decision is one to be made in the light of all the circumstances[.] . . .
>
> . . . Multiple considerations may serve the trial court in a judicial exercise of its discretion in granting or denying a stay, such as whether the subsequent action was designed solely to harass the adverse party; the nature of the respective actions, especially with a view as to which appears to provide complete justice; also, where did the cause of action arise and which law will be applicable; will there be great and unnecessary expense and inconvenience; the availability of witnesses; the stage at which the proceedings in the other court have already progressed; the delay in obtaining trial. Each case must perforce present its own variety of circumstances which may necessitate different results.

*Id.* at 172-73 (quotation marks omitted).

In its consideration of the relevant factors, the Court finds no evidence to suggest that Plaintiff filed this action to harass the Defendants. Plaintiff's primary intent in filing this action was to gain immediate possession of the CRJ, which it did not believe could be accomplished in the New York proceedings. As to the origination of the causes of action, based upon review of the pleadings, it appears that Plaintiff's claims against the Wu Defendants arose in New York and the claims against the Maine Aviation Defendants arose in Maine. Beyond the filing of the complaint, the Court is not clear on the status of the federal action. There is an indication in the pleadings that a New York court might have granted injunctive relief to Plaintiff to prevent the third plane from leaving the country, but the record is not clear whether that relief issued from the state or federal court in New York. The suit in New York state court is currently on appeal. The parties do not dispute that the applicable law to all of the subject transactions is the law of New York. Finally, the subject of this lawsuit, i.e. the CRJ, is currently located at the Portland Jetport. *See E. Fine Paper*, 457 A.2d at 1113 (indicating that property located in Maine weighs against staying a proceeding in favor of another jurisdiction).

8

Upon consideration of the circumstances of this case, the Court finds that with the exception of the CRJ's location in Maine, the relevant factors militate in favor of a stay pending a resolution of the New York proceedings. Significantly, New York law applies, and the New York court is in a better position to interpret and apply that law to the parties' dispute. The issue in the state court action, i.e., the enforcement of Defendant Myint Kyaw's personal guaranties, necessarily includes a determination of whether the Wu Defendants breached the underlying notes, which is a central issue in this case. The parties have obtained an initial decision from the New York state court, which decision is the subject of an appeal. If Plaintiff is successful in that appeal, the issue of the breach of the notes would be determined conclusively, thus making the present action regarding breach of the security agreements unnecessary and duplicative. Further, if the Court were to move forward in this action, there is a risk of inconsistent results on the same or similar issues.

Although the Court believes that a stay of the proceedings regarding the substantive issues is appropriate, the Court also believes that the Court should consider whether the terms of the temporary restraining order regarding the CRJ should be modified. Given the information presented at oral argument, the Court is uncertain as to the status of the CRJ, including its exact location and its current condition. The Court, therefore, requests that the parties file, on or before January 20, 2012, written argument as to whether a modification of the temporary restraining order is warranted. Among the issues which the parties should address are whether the CRJ is currently exposed to the elements, whether maintenance is regularly performed on the CRJ, the person or entity responsible for the cost of storage and maintenance of the CRJ, and whether the CRJ can be used in a way that generates revenue without jeopardizing the value of the CRJ to the party whom is ultimately determined to be legally entitled to the CRJ.

9

CONCLUSION

Based on the foregoing analysis, except as discussed herein regarding the terms of the temporary restraining order, the Court stays further proceedings in this matter pending further order of the Court, or a final judgment in or dismissal of *Texas 1845, LLC v. Myint J. Kyaw*, Index No. 3202/204, currently on appeal in the Appellate Division of the New York Supreme Court.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 1/5/12

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 1·5·12
Copies sent via Mail __ Electronically ✓

10

CV-11-17
Texas 1845, LLC v. Maine Aviation et al

For Plaintiff:
Andrew Sparks, Esq.
Drummond Drummond
One Monument Way
Portland ME  04101

For Defendant(s) Maine Aviation Aircraft Maintenance, Charter and A. Carruso
Lee Bals, Esq
Marcus Clegg Mistretta
One Canal Plaza Ste 600
Portland ME  04101

For Defendants: Wu Aviation Corp , Wu Air Corp & M. Kyaw
Elizabeth Germani, Esq.
Germani, Martemucci, Riggle & Hill
43 Deering St
Portland ME  04101