ENTERED DEC 0 4 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-157
NM—CUM—12-02-14

TRIPPING GNOME FARM, LLC,
RYEN MUNROE, and URSULA
MUNROE

Plaintiffs

v.

LOU FERRARA, MELISSA FERRARA,
and NEW ENGLAND ALPACAS,

Defendants

ORDER ON DEFENDANTS'
MOTION TO STAY

STATE OF MAINE
Cumberland ss. Clerk's Office

DEC 02 2014

RECEIVED

Before the court is defendants' motion to stay. There is pending litigation in the Connecticut Superior Court involving the same parties and issues. Defendants move the court to stay the proceedings in Maine in favor of the Connecticut litigation. Defendants argue they cannot obtain complete relief in Maine. Plaintiffs oppose the motion and argue that because the Maine suit was filed first, the litigation should take place in Maine. For the following reasons, the motion to stay is granted.

## BACKGROUND

This suit arises out of an agreement between plaintiffs and the defendants regarding the sale of Tripping Gnome Farm, LLC's (TGF) alpacas to a third-party buyer. Plaintiffs do not dispute that TGF agreed to pay and did pay defendants a commission for alpaca sales in 2011 for brokering a deal between plaintiff and an alpaca buyer. The parties' dispute concerns whether plaintiffs also agreed to pay "tail commissions" to the defendants, which are fees for future sales of alpacas between TGF and the third-party buyer. According to defendants, plaintiffs

agreed to the terms of a written contract sent to plaintiffs, even though that contract is unsigned. The contract includes provisions regarding "tail commissions," selects Connecticut as the forum for litigation, and provides for attorney's fees to the prevailing party.

Plaintiff TGF filed its complaint for declaratory judgment on April 2, 2014, and an amended complaint was filed on June 12, 2014, which included Ryen Munroe and Ursula Munroe as plaintiffs. In the amended complaint, plaintiffs seek the following: in count I, a declaratory judgment that plaintiffs never agreed to pay defendants the tail commissions; in count II, a declaratory judgment that plaintiffs did not agree to pay defendants' attorney's fees; in count III, a declaratory judgment that the parties did not agree to litigate in Connecticut; and in count IV, a declaratory judgment that plaintiffs Ryen Munroe and Ursula Munroe cannot be held personally liable in connection with the dispute between TGF and defendants. In their counterclaim, defendants allege the following: in count I: breach of contract; and in count II: unjust enrichment.

Defendants filed a motion to dismiss on June 9, 2014 and argued improper venue because of the contract's forum selection clause. The court denied the motion to dismiss on July 3, 2014. Defendants filed the motion to stay on October 17, 2014. The court held a telephone conference with counsel on November 19, 2014 to discuss the motion to stay. A second telephone conference was held on November 26, 2014 after the Connecticut court granted the Munroes' motion to dismiss them as parties in the Connecticut suit.

2

## DISCUSSION

A trial court has broad discretion in considering whether to stay a proceeding when there is litigation pending in another jurisdiction. Fitch v. Whaples, 220 A.2d 170, 172 (Me. 1966). Although the first-filed action generally has priority over a subsequent suit filed in another jurisdiction, "[t]he circumstances of the litigation may be such as to make it desirable to stay the first action, and to permit the subsequent action to proceed to conclusion." Id.; see also Jones v. York, 444 A.2d 382, 384 (Me. 1982). In Fitch, the Law Court listed several factors to guide the trial court in deciding whether to grant a stay:

> Multiple considerations may serve the trial court in a judicial exercise of its discretion in granting or denying a stay, such as whether the subsequent action was designed solely to harass the adverse party; the nature of the respective actions, especially with a view as to which appears to provide complete justice; also, where did the cause of action arise and which law will be applicable; will there be great and unnecessary expense and inconvenience; the availability of witnesses; the stage at which the proceedings in the other court have already progressed; the delay in obtaining trial. Each case must perforce present its own variety of circumstances which may necessitate different results.

Fitch, 222 A.2d at 172-73.

In Jones v. York, defendants filed a declaratory judgment action in the Superior Court shortly before plaintiffs filed a forcible entry and detainer action in the District Court. 444 A.2d at 384. Nevertheless, the Law Court decided that although the Superior Court action was filed first, the District Court had properly taken jurisdiction of the matter. Id. at 385. The court balanced the rights of the parties and concluded that the summary nature of the District Court proceedings would give the parties "the just, speedy and inexpensive determination of their dispute . . . ." Id.

3

Other jurisdictions "give priority to 'coercive' actions over declaratory judgment actions or anticipatory suits, regardless of the order of filing." Bluetarp Fin., Inc. v. Matrix Const. Co., Inc., CUMSC-CV-2012-100, at 5 (Me. Super. Ct., Cum. Cnty., Sept. 13, 2012). As one federal court explained, an exception to the first-filed suit rule "exists where the first-filed suit constitutes an 'improper anticipatory filing,' or one made under the apparent threat of a presumed adversary filing the mirror image of that suit in a different [court]." Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). An anticipatory filing is improper if "it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose." Id. "Where a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." Id.

Based on the correspondence of counsel attached to defendants' reply memorandum in support of the motion to stay, it appears that defendants waited to file suit because the parties were engaging in settlement discussions. (Defs.' Reply Mem. Exhs. A & B.) Before these discussions concluded, plaintiff filed this suit in Maine. Defendants represent that the Connecticut suit was filed on April 24, 2014, before they were served on May 2 with the summons and complaint for the Maine suit.[1] Based on this timeline, plaintiffs' suit is an anticipatory filing that should not reap the benefit of the "first-filed" rule.

---

[1] During the telephone conference, plaintiffs' counsel did not dispute defendants' history in the first paragraph of page four of defendants' reply memorandum but offered further explanation and context.

4

Other factors weigh in support of granting a stay. First, if defendants are correct and the written contract is binding on the parties, the forum selection clause would apply to the case and the parties would be required to litigate in Connecticut.[2] As defendants argue, the only way the Maine court can resolve all issues is to find against defendants. Plaintiffs do not face similar prejudice in Connecticut.

Second, defendants could be prejudiced by litigating in Maine if they are unable to assert an unfair trade practices claim that may be available in Connecticut. *Compare* 42 C.G.S.A. § 42-110g(a) (West 2014) (providing cause of action to "[a]ny person who suffers any ascertainable loss of money or property . . .") *with* 5 M.R.S. § 213(1) (2013) (limiting private cause of action to "[a]ny person who purchases or leases goods, services or property . . .").

In the objection to the motion to stay, plaintiffs did not identify any specific benefit to plaintiffs from litigating in Maine as opposed to Connecticut and relied primarily on the "first-filed" rule. Before the second telephone conference, the Connecticut court dismissed the Munroes as parties in the Connecticut suit. Defendants represent they will file a motion to dismiss Ursula Munroe as a counterclaim defendant in the Maine suit and will file a motion for reconsideration in the Connecticut suit of the order dismissing Ryen Munroe based, apparently, on additional information.

The court does not have sufficient information to address all of the Fitch considerations. It appears, however, that both suits are similar in nature because

---

2 If the court determines the parties entered a contract, as defendants argue, the court likely will view the contract as a whole and avoid rendering any provision meaningless. See McCarthy v. U.S.I. Corp., 678 A.2d 48, 52 (Me. 1996).

in the Maine suit, plaintiffs seek a declaratory judgment that no contract existed between the parties and in the Connecticut suit, plaintiffs allege breach of that alleged contract, unjust enrichment, and, notably absent in the Maine suit, a violation of Connecticut's Unfair Trade Practices Act. In the Maine suit, defendants allege in their counterclaim breach of contract and unjust enrichment. Both suits are in the early stages of the proceedings. The expense and inconvenience to the parties if required to litigate in the forum they did not choose are similar. One necessary witness resides in Connecticut.

In addition to the above considerations, because of the apparent heightened adversarial nature of these lawsuits, including various discovery disputes the parties cannot resolve themselves, the potential for conflicting rulings from the Maine and Connecticut courts on discovery and evidentiary issues is real. See Fitch, 220 A.2d at 173 ("Each case must perforce present its own variety of circumstances which may necessitate different results.").

The entry is

> Defendants' motion to stay is GRANTED. This case is stayed pending resolution of the parties' suit in Connecticut.

> If the Connecticut Superior Court grants the pending motion to dismiss or grants the pending motion to stay, counsel will request a conference with the court.

Date: 12-2-14

Nancy Mills
Justice, Superior Court

6

DANIEL ROSENTHAL ESQ
MARCUS CLEGG & MISTRETTA
ONE CANAL PLAZA
SUITE 600
PORTLAND ME 04101-4035

ILSE TEETERS-TRUMPY ESQ
TAYLOR MCCORMACK & FRAME
30 MILK ST
5TH FLOOR
PORTLAND ME 04101