STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-AP-15-01 ✓

GLOBAL TOWER ASSETS, LLC and )
NORTHEAST WIRELESS NETWORKS, )
LLC, )

            Plaintiffs,

    v.

TOWN OF ROME,

            Defendant.

## STAY ORDER

The Defendant Town of Rome (the "Town") has moved for summary judgment on the claims of Plaintiffs Global Tower Assets, LLC and Northeast Wireless Networks, LLC, pursuant to M.R. Civ. 56. The Plaintiffs oppose this motion on its merits and also seek the opportunity to take additional discovery they claim is essential to enabling them to respond fully, *see* M.R. Civ. P. 56(f). Oral argument was held September 4, 2015.

The Town's first argument in its motion for summary judgment asserts that the Court should defer ruling on the pending motions in favor of awaiting resolution of a first-filed federal action that is currently on appeal to the First Circuit, *Global Tower Assets, LLC v. Town of Rome, Maine*, U.S. Dist. Ct., D. Me., Docket No. 1:14-cv-00085-GZS. The Plaintiffs respond that this argument is misguided as the federal action is predicated on a different set of facts from the present case. Specifically, Plaintiffs contend that unlike the basis for the federal proceeding, the present proceeding stems from a decision of the Town's alleged Board of Appeals. Plaintiffs also argue that the Court should not stay the present case because the United States District Court

1

for the District of Maine's order had no preclusive effect on their claims under the Federal Telecommunications Act, 47 U.S.C. §§ 332 *et seq.,* since they were dismissed without prejudice, or their state law claims, since federal district court declined to exercise supplemental jurisdiction without reaching the merits.

Generally, in cases of concurrent jurisdiction, the doctrine of comity advises that where two competing courts address actions involving the same subject matter, parties and issues, "the court given priority is what which first exercises jurisdiction." *Jones v. York*, 444 A.2d 382, 384 (Me. 1982) (citation omitted). This doctrine is "neither a matter of absolute obligation on the one hand nor of mere courtesy and good will upon the other." *Fitch v. Whaples*, 220 A.2d 170, 173 (Me. 1966) (quotation omitted). Instead, the doctrine seeks to promote justice and equity. *See Jones v. York*, 444 A.2d at 384. Accordingly, the decision whether to hold an action in abeyance under the doctrine of comity rests within the discretion of the trial court. *Fitch*, 220 A.2d at 172 (quotation omitted).

Here, the Court finds that pursuant to the doctrine of judicial comity, a stay is warranted in the present action until a final judgment is reached in the federal action. This is because there are overlapping issues between the present case and the first-filed federal action that could result in confusion and inconsistent rulings if both cases went forward at the same time. Specifically, both actions address whether: 1) the written decision of the Town's Planning Board was unreasonably delayed; 2) the Town's Board of Appeals had authority and jurisdiction to hear Plaintiffs' appeal from the Planning Board's decision; 3) the Planning Board's decision was a final municipal action on Plaintiffs' wireless application; and 4) the Plaintiffs' allegations of procedural and substantive wrongdoings on the part of the Planning Board rise to the level of due process violations.

2

While the court is sensitive to the Plaintiffs' desire to move forward with the present action, the Plaintiffs have chosen to pursue claims involving the same subject matter—their application to the Town for approval of a cell tower facility—in two forums, and thus have created the risk of contrary or inconsistent outcomes that this stay seeks to avoid.

Accordingly, it is hereby ORDERED:

This action is hereby stayed until further order of court. The court defers ruling on all pending motions until the stay is terminated. Counsel for the parties are requested to report on the status of the appeal every 60 days, and to notify the court forthwith when the appeal is resolved.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated: September 21, 2015

A.M. Horton
Justice, Business & Consumer Court

Entered on the Docket: 9-21-15
Copies sent via Mail __ Electronically ✔

3

**Global Tower Assets, LLC and
Northeast Wireless Networks, LLC
v. Town of Rome, Maine**

**BCD-AP-15-01**


### Plaintiff

**Global Tower Assets, LLC and
Northeast Wireless Networks, LLC ,**
Counsel:

*Neal Pratt, Esq.
Jonathan Pottle, Esq
Erica M.Johanson, Esq.*
80 Exchange St
Bangor, ME 04402


### Defendant

**Town of Rome, Maine,**
Counsel:

*Frank Underkuffler, Esq.*
116 Main Street
Farmington, ME 04938
and
*Theodore Small, Esq.*
PO Box 891
Lewiston, ME 04243