STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-85

GREGORY POWELL, as Successor Trustee
of the PETER G. ALFOND 2008 TRUST,

     Plaintiff

v.

ORDER

REBEKAH ALFOND, et al., in their capacities
as Trustees of the PETER G. ALFOND
FOUNDATION;

THEODORE ALFOND, et al, in their capacities
as Trustees of the HAROLD ALFOND
FOUNDATION; and

MAINE ATTORNEY GENERAL ,

     Defendants

ЗТАІЕ ОҒ ІVНІІVЕ
Cumberland ss Clerk's Office

APR 22 2019
RECEIVED
10:40Am

Before the court is a motion by defendants Rebekah Alfond, Sarah Benson, Deborah Alfond, and Kyle Alfond, sued in their capacities as trustees of the Peter G. Alfond Foundation, to dismiss or stay this action. This action was originally filed in the Probate Court but was removed to this court pursuant to 18-A M.R.S. § 1-306(b) on March 5, 2019.

The motion to dismiss or stay was filed on October 16, 2018 and opposition papers were filed on November 6, 2018, but the motion has not been decided because, as set forth below, there has been a disagreement whether the disputes between the parties should be litigated in Maine or in Florida.

Plaintiff-Barbara Wheaton, Esq.
Defendants-Harold Alfond Trust-Jerrol Crouter, Esq.
Defendants-Peter Alfond Trust-Karen Frink Wold, Esq.
State of Maine AG-Linda Conti, AAG

<u>Background and Prior Proceedings</u>

Peter G. Alfond, a son of Harold Alfond, died in Florida on July 10, 2017. Peter Alfond's will provided that, after certain specific bequests, the remainder of his estate would be left to the Peter G. Alfond 2008 Trust ("Peter Alfond Trust").

This action involves a request for instructions by Gregory Powell, Trustee of the Peter Alfond Trust, with respect to the distribution of the residue of the Trust under Article Second (F) of the Trust. That Article provides that after making a number of specific distributions, the trustee shall pay over the balance of the trust property to the Peter G. Alfond Foundation and/or the Harold Alfond Foundation in such amounts and proportions as the trustee shall determine in his absolute discretion.

Powell is seeking instructions because there appears to be a significant dispute between Powell, on one hand, and at least three of the children of Peter Alfond, on the other, as to the distribution of the trust residue between the Peter G. Alfond Foundation and the Harold Alfond Foundation. This dispute has led to the initiation of this suit in Maine and another action brought by three of the children of Peter Alfond in Florida.[1] The pending motion seeks to dismiss this action based on forum non conveniens or to stay this action in order to allow the Florida action to proceed.

The Florida action and the Maine action were filed almost simultaneously. The Florida action, filed on September 12, 2018 by Rebekah Alfond, Sarah Benson, and Kyle Alfond, seeks removal of Powell as Trustee of the Peter Alfond Trust based on allegations that he has breached his fiduciary duty – largely because of his allegedly conflicting roles with respect to the Peter

---

[1] Deborah Alfond is named as a defendant in this action in her capacity as a trustee of the Peter G. Alfond Foundation and has joined in the defendants' pending motion to dismiss or stay. However, she has chosen not to participate in the Florida action.

2

Alfond Trust, the Peter G. Alfond Foundation, and the Harold Alfond Foundation.[2] The Maine action was commenced on September 14, 2018, two days after the Florida action, although Powell has submitted a sworn declaration that he was not aware at that time that the children had commenced an action in Florida.

The file reflects that prior to the commencement of the two lawsuits, both sides apparently took actions that could arguably affect the issue of whether Maine or Florida is the more appropriate forum. According to an exhibit attached to the papers filed by defendants, on April 10, 2018 Powell exercised authority under Article Thirteenth (B) of the trust instrument to change the law applicable to the Peter Alfond Trust from Florida to Maine.[3] On September 10, 2018, according to another exhibit attached to the papers filed by defendants, Rebekah Alfond, Sarah Benson, and Kyle Alfond exercised authority as a majority of the trustees of the Peter G. Alfond Foundation to change the law applicable to that Foundation from Maine to Florida – two days before the Florida action was filed.

Rebekah Alfond, Sarah Benson, and Kyle Alfond are challenging Powell's decision to make Maine law applicable to the Peter Alfond Trust. It is not clear if Powell is challenging their decision to subject the Peter G. Alfond Foundation to Florida law. At this stage, the court cannot conclude or assume that there is any infirmity in either of the two transfers.

---

[2] In the Florida action Rebekah Alfond, Sarah Benson, and Kyle Alfond are also suing Alison Leonard and Theodore Alfond, Peter Alfond's brother. An amendment to the Peter Alfond Trust instrument names Ms. Leonard as a potential successor trustee and provides for Theodore Alfond to appoint a successor trustee if there is a vacancy. The complaint in the Florida action alleges that Theodore Alfond and Ms. Leonard have aided and abetted Powell's breach of fiduciary duties and are therefore not able to serve as or appoint successor trustees.

[3] Article Thirteenth (B) of the Peter Alfond Trust provides in pertinent part that the trustee may, at any time as the trustee deems advisable, move the situs of administration of the trust from one jurisdiction to another and may elect that the law of the new jurisdiction shall govern.

After the two actions were filed, it appears that Powell and the other defendants in the Florida action moved to dismiss or stay the Florida action to allow the Maine action to proceed, and the children moved to dismiss or stay the Maine action to allow the Florida action to proceed. On February 25, 2019 the Maine Probate Court (Aranson, J.) issued an order stating that consideration of the motion to dismiss or stay the Maine action would await a ruling by the Florida court on the motion filed in Florida.

On February 26, 2019 the Florida Circuit Court, Fifteenth Judicial Circuit, Probate Division issued an order staying the Florida action pending final adjudication of the Maine case. On April 15, 2019 the Florida court denied a motion for reconsideration filed by the Florida plaintiffs. Counsel for the children has advised the court that the three children who are plaintiffs in the Florida action have filed a petition for certiorari with the Fourth District Florida Court of Appeal seeking to overturn the Florida Probate court's decision.

The court held a telephonic status conference on April 18, 2019 at which counsel for Powell urged the court to decide the pending motion. Counsel for the Alfond children urged the court to wait until there was decision on whether the Florida Court of Appeal will grant the petition for certiorari and hear the Florida appeal.

At that time the court had not fully reviewed the file and advised counsel that it would do so as soon as its schedule permitted. As it turns out, this occurred sooner than anticipated. Moreover, in light of the delay that has already occurred, the decision of the Florida Probate court to allow the Maine action to proceed, the uncertainty and potential further delay in awaiting a

4

Florida appeal that may or may not be accepted, and the court's view as set forth below that Maine is an appropriate forum to decide this case, the court will address the motion.[4]

Forum Non Conveniens

The defendants' motion to dismiss is based on the doctrine of forum non conveniens. In that connection the court needs to consider the factors set forth in *MacLeod v. McLeod,* 383 A.2d 39, 42 (Me. 1978), adopting the factors employed by the U.S. Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-08 (1947). Under that doctrine Maine may decline to exercise jurisdiction "if it is a seriously inconvenient forum for the trial of this action provided that a more appropriate forum is available to the plaintiff." *Corning v. Corning,* 563 A.2d 379, 380 (Me. 1989), quoting Restatement (Second) of Conflict of Laws § 84 at 251 (1971).

In this case, while defendants are arguing that Florida is a more appropriate forum, the Florida probate court has disagreed. It is uncertain whether the Florida appellate court will entertain an appeal and uncertain whether, even if an appeal is accepted, the decision of the Florida probate court will be overturned. It can hardly be argued that a dismissal by the courts of Maine based on forum non conveniens "will further the ends of justice"[5] if the parties are relegated to a forum where proceedings have been stayed on the ground that the case should be litigated in Maine.

To the extent relevant in this case, the remaining factors to be considered under *McLeod,* 383 A.2d at 42, either favor Maine or are equal as between Maine and Florida. Powell's offices

---

[4] At the status conference there was discussion that counsel for Powell might be in the process of requesting a transfer to the Business and Consumer Court but that such a request might be withdrawn. To date the clerk's office has not received such a request.

[5] *McLeod,* 383 A.2d at 41.

are in Maine. The Peter Alfond Trust is now administered in Maine. The situs of the Harold Alfond Foundation is in Maine. Until two days before the Florida lawsuit was filed, the situs of the Peter G. Alfond Foundation was in Maine. Maine constitutes a forum with relative ease of access to the sources of proof. The availability of compulsory process and cost of attendance of witnesses also appears to favor Maine. Finally, Maine has a tangible and intangible relationship to the litigation.

None of the defendants appear to reside in Florida.[6] To the extent that defendants need to travel to the situs of the litigation, travel to Maine would appear to be no less convenient than travel to Florida. Nor is this a case where litigation was initiated in Maine in order to harass or oppress parties who do not have the financial resources to litigate in Maine. Three Maine attorneys have appeared for defendants in this action, joined by three California attorneys appearing for defendants pro hac vice.

The motion to dismiss based on forum non conveniens is denied.


Motion to Stay

At the outset, it is difficult to justify staying the Maine action where the Florida probate court has already stayed the Florida case in order to allow the Maine action to be litigated. Under these circumstances the Maine action should only be stayed if (1) this court were convinced that only the Florida probate court could provide complete relief and (2) the stay entered by the Florida probate court were to be overturned.

Putting aside the stay already entered by the Florida court, the question of whether this action should be stayed to allow the Florida action to proceed turns on whether the "first to exercise

---

[6] As far as the court can tell, one of the children resides in Puerto Rico, one in Oregon, one in Vermont, and one in New York.

6

jurisdiction" rule should be applied and more generally whether Maine should yield to Florida as a matter of comity. Whether an action should be stayed on comity grounds is an issue committed to judicial discretion. *See Fitch v. Whaples,* 220 A.2d 170, 172 (Me. 1966).

The Law Court has stated that "[t]he general rule is that in cases of concurrent jurisdiction the court given priority is that which first exercises jurisdiction." *Jones v. York,* 444 A.2d 382, 384 (Me. 1982). In this case various arguments can be made as to which court first exercised jurisdiction. To the extent that this is construed to require action by the court in accepting and exercising judicial authority over the case, it would appear that while the Florida probate court may have acted first, it did so only by declining to exercise its jurisdiction. Moreover, as discussed below, while the issues raised in the Florida action overlap with the issues raised in the Maine action, this is not a case where there is concurrent jurisdiction.

In any event giving priority to the first court to exercise jurisdiction is not an imperative rule of law but a principle to be applied to promote justice and equity. *Jones v. York,* 444 A.2d at 384-84. In *Fitch v. Whaples,* 220 A.2d at 172, the Law Court set forth various considerations that might guide the court in exercising its discretion in granting or denying a stay – including whether the Maine action was initiated to gain an unfair advantage, whether complete relief can be obtained in the Maine action, whether Maine is an inconvenient forum, whether Maine or Florida law should apply, the stage of proceedings in the Maine action as compared to the Florida action, and the delay in obtaining trial. In the court's view, those considerations do not weigh in favor of staying the Maine action.

First, the commencement of Powell's action in Maine seeks the instructions of the court as to the disposition of the residue of the Trust. Peter Alfond's children have been named as defendants in their capacity as trustees of the Peter G. Alfond Foundation and will therefore have

7

the ability to object to Powell's proposed distribution. The court cannot find that the Maine action is calculated to deprive the children of a fair opportunity to be heard on that issue.

Moreover, while the children argue that Powell made Maine law applicable to the Trust in order to obtain a more favorable forum, the same argument can be made with respect to the children's pre-litigation decision to make Florida law applicable to the Peter G. Alfond Foundation.

There is a dispute as to whether Maine or Florida law should apply, but that appears to depend on whether Powell's April 2018 action making Maine law applicable – pursuant to express authority in Article Thirteenth(B) of the Trust – was valid. Assuming it was valid, Maine law governs.[7] Moreover, the Maine Attorney General has statutory authority over Maine public charities and must be made a party to all judicial proceedings involving Maine public charities. 5 M.R.S. §§ 194(2), 194(4). The Maine Attorney General is not subject to jurisdiction in Florida. Accordingly, if Maine law applies, Maine is the only jurisdiction where compete relief may be obtained, and Florida does not have concurrent jurisdiction.

On the other hand, if the children are correct and Florida law should govern, Maine courts are capable of applying Florida law.[8] If they choose to do so, the children may raise their claim that Powell should be removed as Trustee in the Maine action and can also seek to assert the other claims they have raised in Florida. The court expresses no opinion as to whether those claims are viable.

---

[7] It bears emphasis in the connection that although the children contend that Powell has breached his fiduciary duty, the dispute here is not about what Powell has done in the past but about what he seeks to do in the future – specifically, how he proposes to distribute the residue of the Peter Alfond Trust.

[8] Including, if appropriate, any Florida rule making "no contest" clauses unenforceable.

8

Powell is asking this court for instructions as to whether his proposed distribution of the residue of the Trust should be approved. Based on the facts and circumstances, there is no reason why this court or any Maine court would not overrule Powell's judgment if it is appropriate to do so.[9]

Finally, given the Florida stay, the delay in awaiting the outcome of the Florida appeal, and the uncertainty with respect to the outcome of that appeal, denial of the motion to stay will avoid further delay in proceeding toward trial.

However, the court would be prepared to reconsider the decision to proceed with this action if the Florida courts were prepared to go forward and if future developments or further understanding of the facts and legal issues demonstrated that this action should be stayed in deference to Florida.

The entry shall be:

The motion by defendants Rebekah Alfond, Sarah Benson, Deborah Alfond, and Kyle Alfond, sued in their capacities as Trustees of the Peter G. Alfond Foundation, to dismiss or to stay this action is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April **22**, 2019

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 04/22/2019

---

[9] The court does not agree with the children's apparent belief that Powell and the Harold Alfond Foundation have a "home court" advantage in Maine and that a Maine court cannot fairly decide the issues.